T. M. SULLIVAN, *Appellant*, v. COUNTY COMMISSIONERS OF ORANGE COUNTY, *Appellees*.

1. In local option elections under the constitution and laws of this State the Board of County Commissioners constitutes the "County Canvassing Board," authorized to canvass the returns from the election districts and declare the result of the election.

2. The Clerk of the Circuit Court is clerk of the board of county commissioners, and he is a proper custodian of ballots that were used at a local option election and were received by such clerk from the county commissioners when acting as a county canvassing board.

3. While the power of the county canvassing board may be expressly limited by law in the matter of ascertaining and declaring the result of the election as shown by the returns

from the several election districts, the power of the court to consider any legal evidence offered upon an issue of the legality of the election is not limited by statute.

4.   Where a proper basis is laid for it, the court may examine the original ballots and any other matters directly affecting the election in determining its validity. And the power and duty of the court are not affected by any irregularity or illegality in the action of the County Canvassing Board or other election officers.

5.   It is competent for the court to determine from the original ballots and the returns and from other papers and evidence relating to the conduct of the election whether a legal election was held.

6.   Where the non-payment of a poll tax is the ground upon which it is alleged that an illegal vote was cast, it should be affirmatively shown that the unpaid tax was legally assessable against the voter. The statute exempts certain classes of persons from the payment of poll taxes and it should be clearly shown that the voter did not belong to any of the exempted classes.

7.   The inspectors at an election are presumed to have allowed only legally qualified electors to vote until the contrary is clearly made to appear.

This case was decided by Division A.

Appealed from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*J. E. Hartridge* and *J. H. Jones,* for Appellant;

*J. D. Beggs* and *L. G. Starbuck,* for Appellee.

WHITFIELD, C. J.—A bill in equity was presented in

the circuit court for Orange county under section 1216 of the General Statutes to test the legality of a local option election held October 8, 1907, in Orange county pursuant to sections 1209 *et seq.* of the General Statutes "to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein." The declared result of the election was 589 for selling, and 592 against selling. Upon final hearing on the pleadings and evidence the court dismissed the bill of complaint thereby in effect decreeing that the alleged illegality of the election had not been shown by proofs. On appeal the complainant assigns and argues a number of points on the procedure below, but it is deemed necessary to discuss here only those questions that affect the real merits of the controversy.

At the hearing alleged defective ballots asserted to have been voted in the election, were offered in evidence and were objected to as illegal and irrelevant upon grounds that the court could not go behind the returns, and that the ballots were not received from the proper custody. The ballots were received in evidence.

In local option elections under the constitution and laws of this State the Board of County Commissioners constitutes the "County Canvassing Board," authorized to canvass the returns from the election districts and declare the result of the election. See Barton v. State, 43 Fla., 477, 31 South. Rep. 361. Under section 15 Article 5 of the constitution the clerk of the circuit court is also clerk of the Board of County Commissioners. The clerk of the circuit court for Orange county testified that he "acted as clerk of the Board of County Commissioners" when the canvass of the returns was made; that he received the ballots offered in evidence from the County Commissioners, and that they had been in his custody

ever since. It thus appears that the ballots offered in evidence were received from the proper custody.

While the power of the County Canvassing Board may be expressly limited by law in the matter of ascertaining and declaring the result of the election as shown by the returns from the several election districts, the power of the court to consider any legal evidence offered upon an issue of the legality of the election is not limited by the statute. Where a proper basis is laid for it, the court may examine the original ballots and any other matters directly affecting the election in determining its validity. And the power and duty of the court are not affected by any irregularity or illegality in the action of the County Canvassing Board or other election officers. It was competent for the court to determine from the original ballots and the returns and from other papers and evidence relating to the conduct of the election whether a legal election was held. The statutory remedy by bill in equity is exclusive, therefore the contention that the ballots could not be examined by the court in this proceeding, but mandamus should have been asked to compel the canvassing board to re-assemble and count the ballots, is untenable. State *ex rel.* H. W. Metcalf Co. v. Martin, 55 Fla., 538, 46 South. Rep. 424.

The allegation that three designated persons were allowed to vote though they had not paid their poll tax and were not qualified voters is not fully sustained by the evidence.

Where the non-payment of a poll tax is the ground upon which it is alleged that an illegal vote was cast, it should be affirmatively shown that the unpaid tax was legally assessable against the voter. The statute exempts certain classes of persons from the payment of poll taxes and it should be clearly shown that the voter did not belong to any of the exempted classes.

It appears that the three designated persons were registered voters, but that two of them had not paid a poll tax for 1906, and one of them had not paid a poll tax for 1905. There is no showing when this latter voter became a resident of the county, and it may be that a poll tax for 1905 was not due from him; and it does not appear that the others were not residents of another county of the State during the entire year 1906, and returned to Orange to reside in time to be qualified to vote there October 8, 1907. See H. W. Metcalf Co. v. Orange County, 56 Fla., 829, text 838, 47 South. Rep., 363. The inspectors are presumed to have allowed only legally qualified electors to vote until the contrary is clearly made to appear.

This disposition of the points here discussed renders a consideration of other assignments unnecessary.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.