STATE *ex rel.* C. E. MILLER v. EVYLIN CARMICHAEL, County Judge, O. J. HARRELL, Member and Chairman of the Board of County Commissioners, and C. GILMON REDDICK, Member of the Board of County Commissioners, all of Washington County, as and Constituting the County Canvassing Board of Said County; S. D. HARMON, Supervisor of Registration of Said County; and ROSCOE H. ROLLINS, PHIL SCARLETT and J. M. GAINER as Inspectors, and EARNEST CLEMMONS, as Clerk of Election Precinct No. 13 of Said County.

197 So. 857

Division B

Opinion Filed September 27, 1940

*James H. Finch* and *LeRoy Collins,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* and *James N. Daniel,* for Defendants in Error.

BROWN, J.—This writ of error is addressed to an order and judgment of the Circuit Court of the 14th Judicial Circuit in and for Washington County, granting motion to quash an amended alternative writ of mandamus which had theretofore been issued and dismissing the cause. The purpose of said writ was to secure a recount of the ballots cast in a certain precinct in the recent primary.

The grounds of said motion to quash were as follows:

"1.   That said amended alternative writ does not show a clear legal right to the relief sought.

"2.   That said amended alternative writ fails to show that the ballot box of precinct No. 13, referred to in said writ has been kept and preserved according to law.

"3.   That said amended alternative writ shows on its face that the ballot box of precinct No. 13, mentioned in said writ, was not filed in the office of the Supervisor of Registration as required by law.

"4.   That said amended alternative writ shows on its face that said ballot box has not been carefully preserved by the Supervisor of Registration as required by law."

The principal contention made in argument of counsel for respondents, defendants in error here, is that the writ showed ballot boxes and ballots had not been kept by the supervisor of registration as required by law. The applicable statute, Section 406, C. G. L. Perm. Supp., provides among other things as follows:

"And the poll lists and oaths of the inspectors and clerks, together with all ballot boxes, ballots, ballot stubs, memoranda and papers of all kinds used by the inspectors and clerks also shall be transmitted, sealed up by the inspectors, to the supervisor of registration to be filed in his office, and carefully preserved by him until after the next succeeding general election."

Taking the allegations of the amended alternative writ at their face value, as we must do in considering this motion to quash, we find that such allegations are sufficient to show that the statute was complied with. Although the statute directs that the ballot boxes be transmitted by the inspectors and clerks to the supervisor of registration to be filed in the supervisor's office, it does not require that they be kept there. The statute does not expressly specify where the ballot boxes shall be kept. The main object of the statute is to provide that the ballots shall be *carefully preserved* by the supervisor of registration until after the next succeeding general election. The purpose of keeping the ballots until after the next general election is to have them available in the event any controversy arises as to who is the true nominee; and the manner of keeping the boxes and the ballots is to make sure that they shall be kept in the same condition they were in when delivered to the supervisor of registration. The allegations of the amended alternative writ in this case indicates that the ballots in question here, together with the other ballot boxes, were not kept in the supervisor's office because, for certain reasons alleged, that was no safe place to keep them, and the supervisor placed and kept them in a steel vault in the county judge's office, the key to which was retained by the county judge, and which vault was located just a few feet away from the supervisor's office, in the same court house build-

ing. The alternative writ alleged that this vault was and is a safe place in which to keep the ballot boxes, and it was further alleged that said ballot boxes and ballots were in the same condition they were in when duly delivered to the supervisor by the inspectors and clerks. Thus the main purpose of the statute was achieved—the preservation of the ballot boxes and the contents thereof, inviolate. Assuming the allegations of fact contained in the amended alternative writ to be true, as we must in reviewing the action of the motion to quash, we cannot concur in the holding of the learned trial judge, who, from the argument here, must have reached the conclusion that the supervisor had delegated his duty to the county judge, but the office and vault of the county judge was as much the property of the county as the supervisor's office in the same building. It is not to be assumed that the supervisor's confidence in the county judge was misplaced, especially in view of the allegation that the ballot box is now in the same condition as when placed in the county judge's vault. In the case of State *ex rel.* Peacock v. Latham, 125 Fla. 779, 170 So. 469, this Court speaking through Mr. Justice Buford, said:

"We approve of the rule as stated in Tebbe v. Smith, 108 Cal. 101, 41 P. 454, 455, 29 L. R. A. 673, 49 Am. St. Rep. 68, wherein the Court said:

" 'Where a mode of preservation is enjoined by the statute, proof must be made of a substantial compliance with the requirements of that mode. But such requirements are construed as directory, merely, the object looked to being the preservation inviolate of the ballots. If this is established, it would be manifestly unjust to reject them merely because the precise mode of reaching it had not been followed. So, too, when a substantial compliance with the provisions of the statute has been shown, the burden of

proof shifts to the contestee, of establishing that, notwithstanding this compliance, the ballots have in fact been tampered with or that they have been exposed under such circumstances that a violation of them might have taken place. But this proof is not made by a naked showing that it was possible for one to have molested them. The law cannot guard against a mere possibility, and no judgment of any of its courts is ever rendered upon one. When all this has been said, it remains to be added that the question is one of fact, to be determined in the first instance by the jury or trial judge; and while the ballots should be admitted only after clear and satisfactory evidence of their integrity, yet, when they have been admitted, this Court will not disturb the ruling unless we, in turn, are as well satisfied that the evidence does not warrant it.' "

See also the case of State *ex rel.* Millinor v. Smith, 107 Fla. 134, 144 So. 333.

It follows that the judgment brought before us for review must be reversed and the cause remanded for further appropriate proceedings. Let the mandate go down at once.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the rules of this Court.