E. E. ROPES, PLAINTIFF IN ERROR, v. C. W. LANSING AND J. J. CURRY, LATE PARTNERS DOING BUSINESS UNDER THE NAME AND STYLE OF LANSING & CURRY, DEFENDANTS IN ERROR.

1. Where the record proper fails to show a final judgment in a case, a writ of error entered or taken therein will be dismissed.

2. The transcript of the record upon a writ of error must contain a copy of the judgment entry to enable this court to determine if there exists such a final judgment as will support the writ of error. The copy of the judgment entry must be inserted in the record proper, and a mere recital of the clerk that a final judgment has been entered in the case will not suffice.

15 S C

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the Court.

*E. E. Ropes, in pro per.*

No appearance for Defendants in Error.

CARTER, J. Plaintiff in error brought an action of assumpsit against defendants in error, in the Circuit Court of Volusia county. Each defendant entered his separate appearance, and separate defaults were entered against them for failure to plead. Afterwards plaintiff filed proof of his claim and the clerk entered a final judgment against the defendants as late partners. After the expiration of sixty days from the entry of the final judgment, the defendant Lansing filed his motion to vacate the judgment, which was granted and said defendant permitted to plead. Such proceedings were afterwards had that on November 22, 1901, the court made an order sustaining a demurrer filed by Lansing to the declaration, and dismissed the case as to him. Plaintiff sued out a writ of error, which this court dismissed at a former term, on the ground that as the case had never been disposed of as to Curry the order dismissing the case as to Lansing was not such a final judgment as would support a writ of error. Ropes v. Lansing, 46 Fla. 231, 35 South. Rep. 863. The present writ of error was sued out August 4th, 1904, and states the date of the judgment as "2nd day of July, A. D. 1904." There is a recital in the record now before us that "on the 2nd day of July, 1904, judgment was entered

by the clerk in favor of the plaintiff and against J. J. Curry," but this is a mere recital of the clerk, and the judgment referred to is not incorporated in the record.

The plaintiff in his written directions to the clerk, required him to recite the judgment, and the recital quoted was evidently inserted in pursuance of those directions.

It has been frequently held by this court that where the record proper fails to show any final judgment in a case, an appeal or writ of error entered or taken therein will be dismissed. It has also been held that even though the bill of exceptions sets forth or recites the entry of the judgment, that will not suffice to sustain the writ of error. Tunno v. International Railway & Steamship Co., 34 Fla. 300, 16 South. Rep. 180; Vanhorne v. Henderson, 37 Fla. 354, 19 South. Rep. 659.

The only evidence we have of a judgment against Curry is the recital of the clerk quoted above. If we could give effect to such recital its language is not sufficient to show a final judgment, as the character of the judgment is not mentioned. But we are of opinion that the mere recital of the clerk is not sufficient to authorize this court to assume the existence of a final judgment. The record entry of the supposed final judgment must be set forth in the transcript in order that this court may determine if it constitutes a final judgment. The clerk can not, unless authorized by statute or rule of court, certify to an official fact. He should certify the record itself. By Special Rule 2 the clerk is authorized in certain cases to recite papers and proceedings which show jurisdiction of the court or the regularity of the proceedings in certain cases, but this applies only to the jurisdiction of, and proceedings in, the court below and does not authorize him to recite the fact of the entry of the judgment upon which the writ of error or appeal is based. The form of transcript prescribed by Special Rule 3, contains a direction that the

judgment.be inserted in full, and the clerk is required to certify that the transcript contains "a correct transcript of the judgment" as well as other matters.    The authorities hold that a mere recital of the clerk that a final judgment was entered, will not suffice, and the principle governing our former. decisions also leads to the same result.    2 Cyc. 1031; Wheeler v. Scott, 3 Wis. 362; Johnson v. Mc-Fall, 61 Mo. 413.

·The writ of error will be dismissed for reasons    stated, and it will be so ordered.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, P. J., and HOCKER and COCKRELL, JJ., concur in the opinion.