LUDWIG CARLSON AND JOHN LIND, LATE PARTNERS UNDER THE FIRM NAME OF CARLSON & LIND, PLAINTIFFS IN ERROR, v. ALBERT E. ZIEHME, DOING BUSINESS AS A. E. ZIEHME & COMPANY, DEFENDANT IN ERROR.

1.  Where a cause is brought to this court on writ of error to a final judgment the record entry of the final judgment must be set forth in full in the transcript of the record proper in order that the court may determine if it is a final judgment.

Carlson and Lind v. Ziehme—Opinion of Court.

2.  Where a writ of error is taken to a final judgment and the transcript of the record proper fails to show any final judgment in the case, the writ of error will be dismissed.

3.  An order "that the plaintiff do recover judgment of the defendants and that the clerk upon the filing of the proper proofs do enter the same," and a recital that "the plaintiff filed proofs and the clerk entered up judgment against the defendants in favor of the plaintiff in the sum of $133.20 principal and $29.49 costs" do not severally or collectively constitute a final judgment to support a writ of error.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*Sullivan & Sullivan,* for Plaintiffs in Error.

*S. Pasco, Jr.,* for Defendant in Error.

PER CURIAM. This cause having been reached by the court in regular order for final decision upon the merits, it appears that the following are the only entries contained in the transcript of the record as to the judgment in the cause: "This cause coming on to be heard upon the demurrers to pleas numbered 5, 6, 7, 8, 9 and 10, and motion to strike pleas numbered 7 and 8, and the court having heard the arguments of counsel and considered the same, and found that the said motion and demurrers are well founded in law, it is ordered that the said demurrers be sustained and said motion granted; and it appearing to the court that all of the pleas filed herein have

been withdrawn except the pleas demurred to as afore-said, and it appearing to the court that the defendants should not be allowed any further time to plead, and defendants by their counsel being present in court and declining to plead further, it is ordered that the plaintiff do recover judgment of the defendants, and that the clerk upon the filing of the proper proofs do enter the same. Charles B. Parkhill, Judge."

"The plaintiff filed proofs and the clerk entered up judgment against the defendants in favor of the plaintiff in the sum of $133.20, principal and $29.49 costs."

The directions to the clerk filed under the rule required the clerk to copy in full the judgment of the court into the transcript prepared for this court.

The above extracts from the record show that the judge ordered a judgment to be entered by the clerk upon the filing of the proper proofs, and also show a recital that the clerk entered up judgment against the defendants, but there is no copy of the judgment in the record.

It has been frequently held by this court that where the record proper fails to show any final judgment in a case, an appeal or writ of error entered or taken therein will be dismissed. The record entry of a final judgment must be set forth in full in the transcript of the record proper in order that this court may determine if it is a final judgment. Special Rule 3 of the Supreme Court Rules contains a direction that the judgment be inserted in full, and the clerk is required to certify that the transcript contains "a correct transcript of the record of the judgment," as well as other matters. An order "that the plaintiff do recover judgment of the defendants, and that the clerk upon the filing of the proper proofs do enter the same," and a recital that "the plaintiff filed proofs and the clerk entered up judgment against the defen-

dants in favor of the plaintiff in the sum of $133.20 principal and $29.49 costs," do not severally or collectively constitute a final judgment to support a writ of error under our statute. Ropes v. Lansing, 49 Fla. 225, 38 South. Rep. 177, and authorities there cited.

The writ of error is dismissed.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.

TAYLOR AND HOCKER, JJ., concur in the opinion.

PARKHILL, J., being disqualified, took no part in this decision.