W. G. SPIKER, *Plaintiff in Error*, v. L. V. HESTER, *Defendant in Error*.

Division B.

Opinion Filed April 22, 1931.

*John F. Harrell* and *T. J. Swanson,* of Perry, for Plaintiff in Error;

*Davis & Pepper,* of Perry, for Defendant in Error.

DAVIS, J.—In this case the plaintiff in error failed to establish that he offered to comply with the contract on his part to be performed, at the time, if ever, he demanded a deed or at any other time. Default on the part of the defendant is not shown. The undertakings of the parties were concurrent and dependent, and for plaintiff to put defendant in default, he should have at least offered to comply with the terms of the contract. See Sanford v. Cloud, 17 Fla. 532; Walker v. Close, 98 Fla. 1103, 125 So. 521; Peterson v. Howell, 99 Fla. 179, 126 So. 362; Burke v. Wallace, 98 Fla. 604, 13 C. J. 571.

The judgment appealed from, however, must be reversed because not a proper form of order to be entered when plaintiff elects to take a non suit with bill of exceptions under Section 4617, C. G. L., 2907 R. G. S. The purported order of non suit from which the writ of error is taken in

this case is in legal effect a final judgment on the merits for the defendant, which should not have been entered.

The proper form of order to be entered when a non suit is taken is not to order and adjudge that plaintiff take nothing by his declaration and that defendant go hence without day, as was done here.

In cases where a non suit is allowed, the proper form of entry is that the plaintiff being solemnly called came not, neither was his suit further prosecuted, whereupon plaintiff suffered a non suit. See Andrews Stephens Pleading (1st Ed.) page 195.

Reversed for proper order of non suit.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

## ON REHEARING.

### Opinion filed June 2, 1931.

1. In cases where a non suit is allowed as a basis for a writ of error, a proper form of entry of judgment on such non suit would be ''that the plaintiff being solemnly called came not, neither was his suit further prosecuted, whereupon the plaintiff suffered a non suit, and it is therefore considered by the Court that the plaintiff take nothing by his writ and that the defendant go hence without day and recover of the plaintiff his costs, etc.''

PER CURIUM:—Upon further consideration, it is ordered that the opinion in the above case be amended so that the last four paragraphs thereof will read as follows:

''The judgment appealed from, however, must be reversed for a proper order to be entered when plaintiff elects to take a non suit with bill of exceptions under Section 4617, C. G. L., 2907, R. G. S. The purported order of non suit from which the writ of error is taken

in this case is in legal form a final judgment for the defendant, which should not have been entered.

"The proper form of order to be entered when a non suit is taken under the statute is not merely to order and adjudge that plaintiff take nothing by his declaration and that defendant go hence without day, as was done here.

"In cases where a non suit is allowed as a basis for a writ of error, a proper form of entry of judgment on such non suit would be 'that the plaintiff being solemnly called came not, neither was his suit further prosecuted, whereupon plaintiff suffered a non suit, and it is therefore considered by the Court that the plaintiff take nothing by his writ and that the defendant go hence without day and recover of the plaintiff his costs, etc.' See Andrews Stephens on Pleading (1st Ed.) page 195. Hall vs. Patterson, 45 Fla. 354; 33 So. 982; Mizell Livestock Company vs. McCaskill, 57 Fla. 118, .. So. ..; Goldring vs. Redd, 60 Fla. 78, 53 So. 503.

"Reversed for proper order of non suit at costs of plaintiff in error against whom the judgment is otherwise affirmed."

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.