STATE OF FLORIDA, ex rel. BULA E. CROKER, *Petitioner*, vs. C. E. CHILLINGWORTH, as Judge of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and FALSTEN REALTY COMPANY, a corporation, *Respondents*.

143 So. 346.
Division B.
Opinion filed August 2, 1932.

*Fancher, Paty & Warwick,* for Petitioner;
*Long & Kelly* and *Kearley & Fisher,* for Respondents.

DAVIS, J.—On October 1, 1931, the case of Falsten Realty Company vs. Bula E. Croker was entered upon the trial docket of the Circuit Court of Palm Beach County as a case triable during the October Term of said Court. At the sounding of the docket the presiding Judge set the case for trial on December 8, 1931. Thereafter the case was called for trial on the day set and no one appearing for the plaintiff, the case was dismissed for lack of prosecution upon motion of the defendant.

As evidence of the dismissal under the circumstances just related, the following entry was made in the Circuit Court Minutes:

"Falsten Realty Company,
            vs.               }  #4056.
    Bula E. Croker.

Case Called: Plaintiff not in Court or represented by Counsel: This case having been regularly set for trial

for this date, was dismissed on Motion of Defendant, for lack of prosecution.''

On January 4, 1932, the October Term of the Circuit Court for Palm Beach County was adjourned *sine die.*

On the 23rd day of February, 1932, the Circuit Judge entered an order reinstating the cause and placing it upon the trial docket for the March Term of Court. In this order he stated that his opinion was to the effect that the Court still had jurisdiction over the cause and the power to reinstate it and that the ends of justice would be best served by such disposition of the case. The facts shown to the trial judge were fully sufficient to warrant, and in fact compel, the order of reinstatement under the circumstances, and if that were the only question to be considered in this proceeding we should unhesitatingly affirm the Circuit Judge's conclusion as to the merits of the plaintiff's application for reinstatement.

But the defendant in the lower court, as relator, has filed in this court a suggestion for a writ of prohibition directed to Judge Chillingworth, the Circuit Judge, commanding him not to proceed with the further consideration of the cause thus reinstated, nor proceed to a trial of the same on the merits because of an alleged lack of jurisdiction to do so. The question therefore presented by the respondents' demurrer to and motion to quash the suggestion for writ of prohibition is whether or not the Circuit Judge exceeded his *jurisdiction* in undertaking to reinstate the cause on the docket after it had been actually dismissed during term time, and the trial term at which it was so dismissed had been finally adjourned.

The statutes of this State contemplate that clerks of the Circuit Court shall keep a trial docket upon which shall be noted all cases at law triable during a term of the Circuit Court. See Section 3076 R. G. S., 4857 C. G.

L. It is likewise made the duty of the presiding Judge, at each term of Court, after other business of the term shall have been disposed of, to call over all the causes standing *upon the dockets* and to make such orders and entries therein as shall be found necessary in relation thereto. See Section 3002 R. G. S., 4736 C. G. L.

For the purposes of the present proceedings, we must presume that the case in question was properly placed upon the trial docket for the October, 1931, term of Court as a case triable at that term. This being so, the disposition of that case, once it was placed upon the trial docket as a case for trial at the term, became a part of the business of the term which was required to be disposed of in some manner during term time. To insure that such causes would be disposed of was the evident purpose of Section 4736 C. G. L., *supra,* making it the duty of the Judge to call over the docket at the end of the term and make such orders as should be found necessary in relation thereto.

In this case the Judge, upon motion of the defendant, dismissed the pending suit for want of prosecution after it had been set for trial and the defendant had appeared ready to try it. The order made was undoubtedly proper under the circumstances and finally disposed of that case as a part of the business of the term subject to such action as might have been properly taken with regard to it before the term of court was finally adjourned. After the term finally adjourned the Circuit Court lost jurisdiction over its order of dismissal made during the term as much so as it lost jurisdiction over any other judicial action taken during the term which was a part of the business of that term.*

It is an inherent right of the court, and therefore one

*See Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 Sou. Rep. 825; Goodwin v. Leesburg Citrus Growers Assoc., 135 Sou. Rep. 129.

existing independently of the statute, to dismiss a suit for a failure to prosecute it with due diligence. Grigsby v. Napa County, 36 Cal. 585, 95 Am. Dec. 213, and note.

After a plaintiff has suffered the dismissal of his cause of action, the court is without further jurisdiction and has no right to render any judgment in his favor nor any judgment against him. The parties are out of court for every purpose other than to carry the order into effect, or to vacate or modify the same'; and after the expiration of the term at which a suit is dismissed the court has no power to reinstate the cause. Gray v. Ames, 220 Ill. 251, 77 N. E. 219, 5 Ann. Cas. 174; note 26 L. R. A. (N. S.) 914.

While a judgment dismissing an action at law not involving the merits is not a bar to a subsequent action and the same rule applies also to a judgment of non suit or a *nolle prosequi*,[*] such judgment is nevertheless a sufficient disposition of the cause then pending to deprive the court of jurisdiction to reinstate it after the expiration of the term of court at which the judgment of dismissal was properly entered.

A common law case noted on the trial docket as a cause triable at a particular term of court is a part of the business required to be disposed of by the Court at that trial term, and an order made during the term dismissing the cause for want of prosecution passes beyond the jurisdiction of the Court to alter, vacate or modify upon application therefor not made until after the expiration of the term of court at which the order of dismissal was entered.

It follows from what has been said that the Circuit Court of Palm Beach County was without jurisdiction to order a reinstatement of the case of Falsten Realty

[*]Lambert v. Sanford, 18 Am. Dec. 149; Note 95 Am. Dec. 215; 34 Am. Dec. 98; 49 Am. Dec. 503; 49 A. S. R. 831; 85 A. S. R. 170.

Company v. Bula E. Croker, after the term of court ended on January 4, 1932, and that therefore a writ of prohibition absolute should be granted to restrain any further exercise of jurisdiction therein, but without prejudice to any right plaintiffs may have under the law to reinstate and maintain their suit as an original new action.

Writ of prohibition issued.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.

BROWN, J. (Dissenting).—I seriously doubt that the minute entry quoted in the foregoing opinion constituted a final judgment by the Court. The following cases are very persuasive to the contrary; Ropes v. Eldridge, 39 Fla. 47, 21 So. 570; Ropes v. Lansing, 49 Fla. 225, 38 So. 177; Carlson v. Zihone, 51 Fla. 226, 40 So. 502; Pittsburg Steel Co. v. Streety, 60 Fla. 183, 53 So. 505; Edwards v. Davenport, 11 Ala. App. 423, 66 So. 878; Mizell Live Stock Co. vs. McCaskill Co., 58 Fla. 118, 49 So. 501; Ellis v. State, 100 So. 27, 106, 69 A. L. R. 783. The entry was a statement on the minutes that the case "was dismissed," but no *judgment* of dismissal appears. In the absence of a final judgment by the court dismissing the case, such case remained on the docket undisposed of, and subject to further disposition by the Court. I might add that I also doubt the propriety of resorting to a writ of prohibition in a case of this kind. See Curtis vs. Albritton, 101 Fla. 853, 132 So. 677; Crill vs. State Road Dept., 96 Fla. 110, 117 So. 795.

ELLIS, J. (Dissenting).—The entry appearing in the Circuit Court Minutes was not a judgment. It contained none of the elements of a judgment. In a very broad and loose sense the word judgment may include the order or rule entered in the minutes, it nevertheless did

not dispose of the merits of the case but merely directed a step in the proceedings under the provisions of Section 4736 C. G. L., 1927. It was not a determination by the Court upon the issue presented by the pleadings, nor did it ascertain and absolutely fix finally the rights of the parties in relation to the subject-matter in litigation, nor did it put an end to the action. It was a determination of a motion. It was not founded upon the whole record in the case but granted on a special application under Section 4763, supra. The entry was not even equivalent to a retraxit, nonsuit or nolle prosequi. It merely recited that the case was ''dismissed on motion of defendant for lack of prosecution.'' No order of dismissal appears to have been made and signed by the judge.

I agree that an order of dismissal is a final order; that it takes the cause out of court and ousts any further jurisdiction of the court over the parties to the action or the subject-matter of the litigation and is such an order from which an appeal may be taken or to which a writ of error may be directed. 7 Stand. Enc. Prac. 683-691.

It is also true that in the absence of statute an order is necessary to confirm a discontinuance and until the entry of judgment of dismissal the court has jurisdiction of the case. This is the rule observed in California and makes for greater liberality in the exercise of jurisdiction. Barnes v. Barnes, 95 Cal. 171, 16 L. R. A. 660.

In this State it has been held that jurisdiction of the parties is not lost by the mere entry of a non-suit without a final judgment rendered and entered thereon. Whitaker v. Wright, 100 Fla. 282, 129 South. Rep. 889; Spiker vs. Hester, 101 Fla. 286, 133 South. Rep. 872.

Dismissal and discontinuance are synonymous terms in effect. At common law it signified a gap in the proceedings after suit was brought, a failure to continue the cause regularly from term to term. The plaintiff hav-

ing left a gap in the proceedings the defendant was not under the duty of further attendance upon the court. Ex parte The State of Alabama, 71 Ala. 363, text 367; Penniman v. Daniel, 91 N. C. 431.

A discontinuance had to be by leave of the court and upon its order. The power of the court to dismiss an action for want of prosecution exists independently of statute or rule of court. 18 C. J. 1192.

Section 4763, supra, does not require the trial judge to make an order of discontinuance or dismissal but its purpose is clear that the judge shall make such orders and entries as shall be found necessary. No order appears to have been made. A recital in the minutes that the cause was dismissed for lack of prosecution is not a judgment of dismissal which may be said to be final in the sense that the court has lost jurisdiction of the parties.

I think the writ of prohibition should be denied.

BROWN, J., concurs.