SEABOARD OIL CO. v. ARTHUR B. CHALK, et al.

150 So. 605.
Opinion Filed October 18, 1933.

*Julian Hartridge,* for Plaintiff in Error;

*White & Colson,* for Defendants in Error.

WHITFIELD, J.—In an action at law to recover damages for injuries alleged to have been caused by the maintenance of a nuisance, the following judgment upon a non-suit was rendered:

"On this day this cause came on to be heard after due notice to the respective parties, and being set for trial according to the rules of court in such cases made and provided, thereupon came the parties in this cause, by their respective attorney, and thereupon also, came a jury of six good and lawful men, who being duly sworn according to law were empaneled to try the issues made in the said cause, and plaintiffs having submitted certain testimony and evidence upon their behalf, thereupon plaintiffs, through their attorneys, announced that they would suffer a non-suit being entered against them with a bill of exceptions, and plaintiffs being solemnly called, came not, neither was their suit further prosecuted, wherefore plaintiffs suffered a non-suit."

"It is by the Court therefore ordered and adjudged, that judgment of non-suit be, and it is hereby entered, and that the said cause be and it is hereby dismissed, and that plaintiffs be allowed 90 days within which to present their bill of exceptions."

Subsequently the court made the following order:

"This cause having this day come on to be heard upon the motion of the plaintiffs for the entry herein of an order

setting aside the order on non-suit previously entered herein, and reinstating the cause upon the docket, and upon the further motion of the plaintiffs for leave to amend; and the court having heard argument of counsel and being fully advised in the premises:

"It is ORDERED and ADJUDGED that the said motion be and it is hereby granted.

"It is FURTHER ORDERED AND ADJUDGED that the order of non-suit and the judgment of non-suit heretofore entered herein be, and each of them is, set aside, and that the cause be, and it is, hereby reinstated, to all of which the defendant duly excepts, and the defendant is hereby allowed ninety days in which to present for settlement its bill of exceptions."

A writ of error was taken by the defendant to the last order.

The defendants in error move to dismiss the writ of error upon grounds:

"1. This Court is without jurisdiction of this cause because the order to which the writ of error is sued out is not a final judgment within the purview of Section 2901 of the Revised General Statutes (Section 4606, Compiled General Laws, 1927), such as will support a writ of error.

"2. An order vacating and setting aside an order and final judgment of non-suit and reinstating the cause upon the trial docket is not a final judgment such as will support a writ of error.

"3. It affirmatively appears from the transcript of record that the writ of error in this cause is not supported by a final judgment."

The statutes provide that "writs of error shall be only from final judgments, except as specified in Section 4615." Section 4606 (2901), Compiled General Laws, 1927.

"Upon entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail." Sec. 4615 (1905), C. G. L., 1927.

In Whitaker v. Wright, 98 Fla. 500, 123 So. 857, a writ of error was taken to an order vacating and setting aside an order of non-suit and reinstating the case on the docket, was dismissed because no final judgment had been entered on the order of non-suit. See Goldring v. Reid, 60 Fla. 78, 53 So. 503.

In this case a judgment dismissing the cause was rendered on the non-suit taken, which is a final judgment sufficient to support a writ of error. Spiker v. Hester, 101 Fla. 286, 288, 133 So. 872, 135 So. 502. And the order vacating the judgment of dismissal is analogous to an order granting a new trial to which a writ of error lies under Section 4615 (2905), Compiled General Laws, 1927.

While the trial court had the power by order to vacate the order and judgment of non-suit and dismissal, the judgment of dismissal being in its nature final unless vacated, the defendant has a right to writ of error to the vacating order under Section 4615 (2905), Compiled General Laws, 1927, the vacating order being analogous to an order granting a new trial.

Motion to dismiss writ of error denied.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.