THE SEABOARD OIL Co. v. ARTHUR B. CHALK, *et al.*

159 So. 531.

Opinion Filed February 9th, 1935.

Petition for Rehearing Denied March 12, 1935.

Motion to Recall Mandate Denied May 27, 1935.

*Julian Hartridge,* for Plaintiff in Error;

*White & Colson,* for Defendants in Error.

WHITFIELD, C. J.—In an action to recover damages from

the Seaboard Oil Company for the alleged maintenance of an alleged nuisance to the injury of the plaintiffs, the second count of the declaration was abandoned at the trial "together with the concluding lines of the declaration which read as follows:

" 'Hence this suit and Plaintiffs claim punitive damages, in the sum of Forty-Two Thousand ($42,000.00) Dollars.' "

The first count contains allegations that in December, 1924, "the plaintiffs were and * * * still are the owners as tenants in common and lawfully possessed of" described real estate in the City of Miami, Dade County, Florida; that the defendant corporation on March 31, 1925, was and from thence hitherto has been the owner and possessed and still is the owner and possessed of "described real estate which said real estate of the defendant corporation adjoined the real estate of the Plaintiffs * * * on the East side thereof, on the South side thereof and on the West side thereof and completely surrounds the real estate of the Plaintiffs except on the North side thereof, which is bounded by a public street. That there was in the Spring of the year 1925, and still is, situate upon the said described land of the Plaintiffs a dwelling-house and an apartment house, the property of the Plaintiffs, which, together with the said described land of the Plaintiffs was then and before the committing, maintaining and continuing by the Defendant Corporation of the nuisance hereinafter complained of, reasonably worth the sum of Twenty-Five Thousand ($25,000.00) Dollars as ·the fair market value thereof, and Plaintiffs claim of the Defendant Corporation the sum of Forty-Two Thousand ($42,000.00) as damages for the committing, maintenance and continuing of a nuisance to the injury and damage of the Plaintiffs and each of them, for that, to-wit, on the First day of August, A. D., 1925, and

from thence hitherto, the Defendant Corporation owned and operated and still continues to own and operate on the said * * * real estate of said Defendant Corporation, surrounding the land of the Plaintiffs aforesaid, a gasoline, oil and petroleum products unloading, storage and distributing station, plant of business for the unloading, storage and distributing of gasoline, oil and petroleum products. The Plaintiffs aver that the Defendant Corporation, or the servants, agents or employees of defendant, acting in the line and scope of their employment as such did so operate and ever since the First day of August, A. D. 1925, have continued to so operate said gasoline, oil and petroleum products unloading, storage and distributing station, plant of business, that noxious, noisome, nauseous, unhealthful, damaging, disagreeable and offensive gases, vapors and odors issuing from Defendant's premises were proximately allowed or caused to reach the said land, dwelling-house and apartment-house of the plaintiffs, thereby polluting the air in, above and about the land, dwelling-house and apartment-house of the Plaintiffs, and Plaintiffs aver that as a proximate consequence of the wrongs aforesaid the said land, dwelling-house and apartment-house and the entire said premises of the Plaintiffs were rendered unhealthful, uncomfortable, unsafe, unsanitary, unfit for human habitation and absolutely valueless to the Plaintiffs or either or any of them, and as a proximate consequence of the noxious, nauseous, unhealthful, damaging, disagreeable and offensive gases, vapors and odors emanating and issuing from said premises of the Defendant Corporation, that the Plaintiffs and each of them were rendered sick and sore, suffered great mental and physical pain and the health of each of the Plaintiffs was injured and impaired; that the Plaintiffs and each of them have been put to great

expense in and about the treatment of himself or herself for medicine and medical attention. Hence this suit and the Plaintiffs claim punitive damages."

A motion for a bill of particulars was overruled.

A demurrer to the declaration on grounds that it did not state a cause of action and that the "first count does not state a specific sum as damages at the conclusion thereof," was overruled.

A plea of the general issue, not guilty, and several special pleas were filed, all of which special pleas were stricken on motion except a plea of the four-year statute of limitations and a portion of another plea.

At the conclusion of the testimony for the plaintiff, the defendant moved for a directed verdict in its favor upon grounds that the declaration claims only punitive damages and no punitive damages are shown by the evidence, that the action is barred by the statute of limitations, and other grounds not necessary to be here stated. The court indicated a purpose to grant the motion stating in effect that the declaration claimed only punitive damages. Counsel for the plaintiffs moved "For leave to strike the *ad damnum* clause in the declaration, that is part of the declaration which reads as follows: 'Hence this suit and plaintiffs claim damages in the sum of $42,000.00;

"THE COURT: You still have a punitive damage clause in the first count—read the last line. Your declaration is a bad declaration without the *ad damnum* clause.

"MR. COLSON: Purely and simply a matter of form.

"THE COURT: I can't see anything else to do but grant his motion for a directed verdict.

"MR. COLSON: I want to cure this.

"THE COURT: I don't see how you can cure it.

"MR. COLSON: I move the Court for leave to amend the

declaration by striking from each count of the declaration, wherever the same appears, the word 'punitive.' That is submitted on the rule and with the thought that the Court should be liberal in permitting amendments.

"THE COURT: I feel like this, that it is an abuse of discretion. He has made his motion and I have granted it. I don't see anything to do except to grant the motion for a directed verdict, and deny your motions.

"MR. COLSON: At this time we respectfully move the Court to grant to the plaintiffs a repleader.

"MR. HARTRIDGE: We object, Your Honor, as a repleader comes only after a verdict and judgment.

"THE COURT: Motion denied. (To which ruling the plaintiffs excepted.) * * *

"MR. COLSON: I want to move the Court for leave to abandon the second count.

"THE COURT: All right, granted; considered withdrawn.

"MR. COLSON: You still rule you will direct a verdict?

"THE COURT: Yes, sir.

"MR. COLSON: All right. The plaintiffs at this elect to take a non-suit and prepare the record on a bill of exceptions.

"THE COURT: Granted.

"Whereupon the plaintiffs excepted to all adverse rulings."

A judgment of non-suit was rendered by the court. Later a motion of plaintiffs to vacate the judgment of non-suit was granted by order. The defendant took a writ of error to such order and a motion to dismiss the writ of error was denied. Seaboard Oil Co. v. Chalk, 112 Fla. 387, 150 So. 605.

Among the grounds of the motion to set aside the judgment of non-suit and to reinstate the cause on the trial docket, were grounds relating to the refusal of the court to

allow the claim for damages to be amended so as to exclude a claim for punitive damages.

In the body of the first count it is stated: "and plaintiffs claim of the defendant corporation the sum of Forty-Two Thousand ($42,000.00) as damages for the committing, maintenance and continuing of a nuisance to the injury and damage of the plaintiffs and each of them, to-wit" etc. The location of the quoted statement in the count of the declaration is unusual, but it is there, and the defendant made no specific objection to it. It is clear that the proposed amendment as to the *ad damnum* clause of the declaration alleging a continuing nuisance, could not reasonably have injured the defendant; and as the refusal of the court to allow the amendment caused the non-suit, it cannot be said the court erred in vacating the judgment of non-suit, so that if necessary an appropriate amendment of the *ad damnum* clause can be made in order that the cause may be disposed of on its merits. The trial court had power during the same term to set aside the judgment of non-suit and to reinstate the cause for appropriate proceedings. The merits of the cause should not be adjudged on the record on this writ of error.

Affirmed.

ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

PER CURIAM.—In the Seaboard Oil Co. v. Chalk, 112 Fla. 387, 150 So. 605, it was held that the order vacating the order and judgment of nonsuit entered herein, is analogous to an order granting a new trial. The statute, Section 4615 (2905) C. G. L., provides that when an order granting a new trial is reversed on writ of error, the appellate court "shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judg-

ment *non obstante veredicto*, shall be made and prevail." If the order granting a new trial is affirmed on writ of error, the cause is remanded for a new trial.

In writs of error to an order granting a new trial, the statute requires the court to "review the said order." Section 4615 (2905) C. G. L. Assignments of error cannot enlarge the scope of the review fixed by the statute in allowing a writ of error to an order granting a new trial. As a writ of error to an order vacating a judgment of nonsuit is allowed only because of its analogy to an order granting a new trial, the scope of the appellate review is similar to that of an order granting a new trial.

Motion to recall mandate denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.