DREW, Justice.
TJpon the rendition of the opinion in the ■case of B & L Trucking Company, Inc. v. Loftin, Fla., 58 So.2d 147, the respondent in that case (hereafter called the railroad) filed its motion to reinstate its case .against the trucking company which had been theretofore dismissed for lack of prosecution. The motion recited, inter alia:
“1. On September 11, 1951, defendants secured an order dismissing this cause and taxing costs against plaintiff as provided by law.
“2. Previous to the obtention of said order of dismissal plaintiffs herein had secured a similar order dismissing that certain cause entitled B & L Trucking Company, Inc., a corporation, for itself and for the use and benefit of the National Union Fire Insurance Co., a corporation, plaintiff vs. Scott M. Loftin and John W. Martin as Trustees of the property of the Florida East Coast Railway Company, defendants, being case No. 11022 in the above-entitled Court.
“3. Defendant herein, who was plaintiff in said case No. 11022, took an appeal to the Supreme Court of Florida from the action of the above-entitled Court in dismissing said case No. 11022 and refusing to reinstate same upon petition of the defendant herein.
“4. By its opinion filed April 8, 1952, the Supreme Court of Florida, speaking through Gillis, Associate Justice, reversed the order denying the petition to reinstate case No. 11022 and held that cases such as these, namely, case No. 10906 and case No. 11022 should be unqualifiedly consolidated under the so-called compulsory counter-claim statute.
“5. Case No. 11022 is a case arising out of the subject matter of this cause and is subject to the compulsory counter-claim statute section 52.11 F.S. [F.S.A.] Both cases arose out of the same transaction on occurrence.”
When the mandate was filed in the lower court the matter was duly presented and the learned Circuit Judge disposed of it by entry of the following order:
“This cause was heard after due notice upon plaintiffs’ petition for reinstatement, filed April 10, 1952, and argument of counsel.
“In view of the observation made by the Supreme Court of Florida in B & L Trucking Company v. Loftin, Fla., 1952, 58 So.2d 147, that ‘neither of the causes could have been tried separately from the other,’ it seems that this Court is bound to vacate the Order of Dismissal likewise.
“Thereupon, it is ordered and adjudged that the Order of Dismissal entered September 11, 1951 is vacated, and this cause shall be tried with said action referred to in the Opinion of the Supreme Court of Florida."
We are now asked to review the above order, the petitioner urging that the order is clearly erroneous because the lower court had no authority to reinstate the cause on motion filed after the expiration of the one month period provided *278 by Section 45.19, F.S.A. To put it another way, petitioner argues that the cause having been dismissed September 11, 1951, under the provisions of Section 45.19, F.S. A., supra, and the respondent having taken no action for a period of seven months, the lower court was wholly without jurisdiction in the matter and that the order reinstating the cause was void. The respondent,- on the other hand, argues that in view of the, decision of this court in B & L Trucking Company, Inc. v. Loftin, Fla., 58 So.2d 147, 148, to the effect that the consolidation order “had the effect of destroying the identity of appellant’s case as an independent action for the purposes specified — the purposes of trial — and that the requirement for separate verdicts and judgments affected the mechanics of the proceeding only, so that, so long as the order of consolidation remained in force neither of the cases could have been tried separately from the other”, and that there is “ample authority for the unqualified consolidation of cases such as these under the so-called compulsory counterclaim statute” amounted in reality to a reinstatement of only one-half of the consolidated controversy and that the lower court had no alternative except to reinstate the other one-half, viz: the railroad’s suit against the trucking company. The railroad company’s argument sounds logical but its fallacy lies in the fact that the original order of consolidation of July 25, 1949, expressly ruled against the railroad’s motion to consolidate the causes “so as to treat plaintiff’s declaration as a counterclaim in common law action No. 10906 and further treating defendant’s pleas herein as a replication to said counter-claim” by denying said motion and consolidating said actions “solely for the purpose of trial, with separate verdicts and judgments rendered thereon.” This order has never been modified or vacated. The only matter before this court in B & L Trucking Company, Inc. v. Loftin, supra, was the correctness of the order denying the petition to reinstate and while the court’s observations about the. compulsory claims statute may be proper statements of the law, they are, so far as the case there under consideration, obiter dicta.
There is another reason why we must quash the order of the lower court— no petition for reinstatement was ever made by the railroad to reinstate its case nor was any appeal ever taken from the order of dismissal. The Statute, Section 45.19, F.S.A., as stated by this court in the recent case of Ivy H. Smith Co. v. Moccia, Fla., 59 So.2d 629, 630, was designed “to expedite the course of litigation and keep court dockets as near current as possible. * * * the order of dismissal became final and the jurisdiction of the court came to an end when the motion to reinstate was not made within one month. * * * ” (Emphasis supplied.) See also Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165; State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346. While the latter two cases deal with Section 4218, C.G.L., the principles announced are the same. The only material difference in the original Section 4218, C.G.L., and Section 45.19, F.S.A., is the time element.
We therefore hold that the lower court erred in the entry of the order reinstating the cause in the lower court so the petition is granted and the order is hereby quashed.
HOBSON, C. J., and THOMAS and ROBERTS, JJ., concur.