PER CURIAM.
The appellant, who was the plaintiff below, seeks reversal of an order dismissing her suit for accounting, for want of prosecution. The cause was noticed for trial before the court on July 28, 1961. For a reason not disclosed on the record it was not tried then, but came on for final hearing before the court on August 29, 1961. On that occasion, at the request of the plaintiff, who had acted without counsel throughout, the chancellor granted a continuance to September 7. When the cause came on again for trial and final hearing on September 7 the plaintiff was unwilling to proceed and the chancellor entered an order dismissing her suit for want of prosecution. In so doing the chancellor was eminently correct. In State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346, 347, the Supreme Court said: “It is an inherent right of the court, and therefore one existing independently of the statute, to dismiss a suit for a failure to prosecute it with due diligence.” See also Anderson v. Broward, 45 Fla. 160, 34 So. 897; Welgoss v. End, Fla.App.1959, 112 So.2d 390. Plaintiff had been given the opportunity to obtain an attorney to assist her, and when she chose to represent herself and proceed without coun *802 sel the chancellor was careful to inform her of the status of the matter, that the case was ready to be tried and unless progressed would have to be terminated.
Affirmed.