BARNS, PAUL D., Associate Judge
(concurring specially).
In the prior action at trial in March 1963, the plaintiff timely moved for a nonsuit as shown by the record as follows:
“Counsel for the plaintiff moved the court to allow the plaintiff to take a nonsuit because of the absence of key witnesses. After argument of counsel the Court granted the motion.”
*521 The judge in that case, on September 13, 1963, after recitals of the nonsuit allowed, stated in an order in the previous case that “It was thereupon ordered, adjudged and decreed that this cause he and the same is hereby dismissed without prejudice.”
Appellant’s grounds for reversal are that (1) under the present Rules of Civil Procedure nonsuits are no longer permissible, and (2) that the order of dismissal “without prejudice” of the first suit was a nullity for the want of jurisdiction. This calls on us to examine the law of nonsuits and an examination of Rule 1.35, Florida Rules of Civil Procedure, 30 F.S.A.
Nonsuits. Before the entry of the final judgment of dismissal “without prejudice” in the first action, the allowance of the nonsuit was only a ruling at trial and the action was still pending until the order of dismissal was entered. Peaslee v. Michalski, Fla.App.1964, 167 So.2d 242. As stated in 1 Freeman on Judgments (5th Ed.), p. 40, “But as indicated in the preceding section, to be final for purposes of appeal a nonsuit or dismissal must ordinarily be embodied in a judgment father than a mere preliminary order or direction.”
Nonsuits are classified as voluntary and involuntary. As stated in Peaslee v. Mich-alski, supra, “A voluntary nonsuit is one ordered against a party-plaintiff who has affirmatively sought it; and an involuntary nonsuit is one which is ordered against a defaulting party-plaintiff who has not affirmatively sought it.”
Under the classical common practice and procedure, a judgment of dismissal against a plaintiff was not used. In entering judgments against a plaintiff, it was then the practice to preliminarily recite the basis for the judgment and then adjudge that plaintiff “take nothing by his writ” and that the defendant “go hence without day.” 2 Freeman on Judgments (5th Ed.) p. 1580, states:
“ ‘At common law there is no form of an entry in the books of a judgment dismissing an action. Every judgment against a plaintiff is either upon a retraxit, non prosequitur, nonsuit, nolle prosequi, discontinuance, or a judgment of an issue found by jury in favor of defendant, or upon demurrer. The inducements or preliminary recitals in these several kinds of judgment are variant, but the conclusion in each is always the same; it is as follows: “ ‘Therefore it is considered by the court that plaintiff take nothing by his writ, and that the defendant go without day, and recover of plaintiff his costs.’ ” Of these several judgments, none but a retraxit or one on the merits will bar subsequent actions.’ The mere form of the judgment is therefore not always determinative of whether it is one of dismissal or is on the merits even though it purports to be the latter. * * *»
Appeal after voluntary nonsuit. Generally, after the plaintiff has sought and obtained a voluntary nonsuit, it will be treated as a waiver of all previous errors. 1 Freeman on Judgments (5th Ed.) p. 41, states:
“ * * * But a voluntary nonsuit or dismissal by a plaintiff, being a waiver of all previous errors, cannot form the basis of an appeal by him, unless perhaps, his action is practically forced and may for that reason be regarded as involuntary.”
In Anderson v. Presbyterian Church of Gainesville, 13 Fla. 592, the Supreme Court likewise ruled, in dismissing a writ of error for the want of a final judgment in the record based on a nonsuit, that an appellant “cannot avail himself of his bill of exceptions or of other errors in the record to reverse the judgment of nonsuit, which was the necessary consequence of his own acts, 18 Wend. [169] 172.” In Van Wormer v. Mayor, etc., of City of Albany, 18 Wend. 169, 172, the court held that the court in which the cause is pending may grant a new trial after the plaintiff submits to a voluntary nonsuit, but the appellate court would not reverse the judgment which had *522 been produced by the voluntary act of the plaintiff. For new trial granted after non-suit, see Seaboard Oil Co. v. Chalk, 118 Fla. 383, 159 So. 531, 161 So. 841.
To remedy the supposed evil of the foregoing holding so as to permit review cases wherein final judgments had been induced by voluntary nonsuits after adverse rulings at trial, which adverse rulings had provoked the voluntary nonsuit, the Legislature thereafter, in 1885, enacted Chapter 3583, now carried forward in Section 59.05, F.S.A., providing that:
“When, because of any decision or ruling of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a nonsuit, he may appeal therefrom, and the facts, points, rulings, and decisions may be preserved for review, by the appellate court, as in other cases."
The purpose of the act was not to permit an appeal from a ruling at trial permitting a nonsuit, but the object, purpose and intent of the statute was to overcome the decisional law of review that a voluntary nonsuit was a waiver of all previous errors. A clause of the statute states “he may appeal therefrom,” but this language means that the plaintiff, after having been coerced to take or suffer a nonsuit, has a right to have the rulings coercing a voluntary nonsuit reviewed in event of an appropriate appeal or judicial review, and that being so, a nonsuit would not be a waiver of antecedent errors inducing the nonsuit. The words of the clause of the statute “he may appeal therefrom” are not to be taken to mean that an appeal would lie from a ruling at trial, according to their wooden literalness. “There is no more likely way to misapprehend the meaning of language — be it in a constitution, a statute, a will or a contract — than to read the words literally, forgetting the object which the document as a whole is meant to secure.” Central Hanover Bank & Trust Co. v. Comm’r of Internal Revenue, 159 F.2d 167, 169 (2d Cir.) (L. Hand, J.), cert. denied 331 U.S. 836, 67 S.Ct. 1518, 91 L.Ed. 1848 (1947). Cf. United States v. Fisher, 2 Cranch. 358, 386, 6 U.S. 358, 386, 2 L.Ed. 304, 313 (1804).
Are nonsuits allowable since the 1962 revision of Rule 1.35, Florida Rules of Civil Procedure? The Florida Rules of Civil Procedure are not all comprehensive and neither are the Federal Rules of Civil Procedure, but inconsistent statutes are superseded by the rales. The Supreme Court in the order of adoption, on June 20, 1962, specified that the “compilation and revision [of the rules] shall govern all proceedings within the scope of these rules,” that it “shall supersede all conflicting rules and statutes,” and that “ [a] 11 statutes not superseded hereby or in conflict herewith shall remain in effect as rules.” The rules govern practice and procedure, and as to what is practice and procedure, see State v. Furen, Fla.1960, 118 So.2d 6.
Before the revision of the Rules of Civil Procedure in 1962, Rule 1.35(b), relating to involuntary dismissals, contained an exception clause which provided that “nothing stated herein shall preclude a nonsuit from being taken pursuant to any applicable statute,” which exception clause was deleted by the 1962 revision of the Rules.
The exception clause last above quoted did not grant a right to a nonsuit, but was a tacit recognition of the nonsuit practice. Section 54.09, F.S.A., prescribing that a nonsuit must be taken before the jury retires from the bar, only put a limitation on the time when a nonsuit might be taken and did not provide the nonsuit practice. Peaslee v. Michalski, supra. Section 59.05, F.S.A., construed above, was a statute precluding waiver of prior errors by reason of a voluntary nonsuit. Rule 2.6, Rules of Civil Procedure, 31 F.S.A., is a tacit recognition of the nonsuit practice according to the common law. It is our conclusion that the deletion of the exception clause from Rule 1.35(b), supra, on involuntary dismissals did not abolish the nonsuit practice. The history of nonsuits in this state indicates clearly that the nonsuit practice is confined to nonsuits affirmatively sought by the plaintiff. Hence, since such nonsuits *523 form a basis for voluntary dismissals under Civil Procedure Rule 1.35(a), and since the deleted exception clause was of little or no relation to Rule 1.35(b) on involuntary dismissals, it was likely deleted for that reason. The deleted exception clause did not establish the nonsuit practice and its deletion did not abolish it.
Nonsuits and Rule 1.35. Since the entry of a judgment of dismissal is the natural consequence of a nonsuit, and since Rule 1.35, supra, relates to dismissals of actions, a nonsuit judgment of dismissal falls within the scope of the rule. A voluntary nonsuit judgment of dismissal after answer clearly falls within Rule 1.35(a)(2) which is:
“(2) By Order of Court; If Counterclaim. Except as provided in paragraph (1) [i. e., (i) where the notice of dismissal is filed before service of the answer, or of a motion for summary judgment, or (ii) where dismissal is by stipulation] of this subdivision of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff’s motion to dismiss, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court.
"Without Prejudice. Unless otherwise specified in the order, a dismissal under the foregoing paragraph is without prejudice.”
Rule 1.35(a)(2) is taken from Rule 41(a) (2), Federal Rules of Civil Procedure, and it is now well settled under the federal rule that the granting of the plaintiff’s motion to dismiss is within the sound discretion of the court, and not a matter of right. 5 Moore’s Federal Practice, 2nd Ed., (1964) § 41.05, p. 1053. Since the adoption of Rule 1.35, supra, (and prior rule of the same tenor) it has been held that the plaintiff’s right to a nonsuit is a qualified right and subject to the discretion of the court. Crews v. Woods, Fla.1952, 59 So.2d 526; Johns v. Puca, Fla.App. 1962, 143 So.2d 568. See also Dobson v. Crews, Fla.App.1964, 164 So.2d 252; F. E. C. Railway v. Lewis, Fla.App.1964, 167 So.2d 104; Rowe v. Silver, Fla.App.1964, 166 So.2d 238.