NATHAN, Judge.
George W. Rowley appeals an order dismissing his suit without prejudice. The cause was at issue on Rowley’s complaint for benefits under a major medical expense insurance policy and the answer of the defendant, Bankers United Life Assurance Company denying entitlement thereto. Interrogatories were submitted to the defendant and the answers to same were filed on June 22, 1973, the last date on which action was taken by the parties. On April 25, 1974, the court, sua sponte, entered the following order:
“THIS ACTION will come on for hearing before the court on June 6, 1974 at which time the court will take appropriate action including any of the following as applicable:
1. Enter Judgment, if on default
2. Hold final hearing, if uncontested
3. Dispose of pending motions
*381 4. Schedule pending matters for hearing
5. Set for trial
6. Dismiss without prejudice
* :fc * * * ' *
Note: Affirmative action in writing must be taken prior to hearing date.”
On June 3, 1974, a letter was directed to the trial judge by Rowley pro se, advising that his attorney had withdrawn from the case and that he would act as his own attorney until new counsel was obtained, and requesting leave to file an amended complaint. The hearing was held on June 6, at which time Rowley alleges he was present. On June 17, 1974, the trial judge entered an order of dismissal without prejudice, stating no reason for dismissal in the order.
On appeal, Rowley complains that the court erred in entering the order for hearing as it listed six possible actions by the court, and further that the entry of the order of dismissal was improper under the factual situation presented. We agree.
Reviewing the alternatives listed in the order of April 25, 1974, in the context of the instant case, the cause was not appropriate for a default judgment, no motions were pending, and no notice of trial entered so that final hearing could be held. Dismissal of this cause would have been the appropriate action only in the event of Rowley’s unjustified failure to diligently prosecute his suit or as a result of failure to prosecute the action for one year, as provided in Rule 1.420(e) R.C.P.
 We recognize that irrespective of the statutory one year period the trial court possesses the inherent power to dismiss an action for failure to prosecute with due diligence. State ex rel. Croker v. Chillingworth, 1932, 106 Fla. 323, 143 So. 346, 347. We find it highly commendable for a trial judge to exercise diligence in keeping his dockets current so as to promote the efficient and orderly disposition of the court’s business. However, in this cause, the statutory one-year period had not yet expired so as to warrant dismissal under the rule, and there is no showing in the record of an unjustified failure by Rowley to diligently prosecute his suit. Therefore, there was an abuse of discretion in the exercise of the court’s inherent power to dismiss the action for want of prosecution. See Reddish v. Forlines, Fla.App.1968, 207 So.2d 703, 708.
Accordingly, the order is reversed and the cause is reinstated.