SMITH, ROBERT P., Jr., Associate Judge.
This is an appeal from an order dismissing appellant’s action for lack of prosecution. There were lengthy and repeated delays in prosecution, indicated in some detail in Judge Cobb’s dissenting opinion. But the action was not dismissible under Fla.R.Civ.P. 1.420(e) because appellant propounded interrogatories immediately before appellee filed its motion to dismiss for non-prosecution. Flack v. Kuhn, 277 So.2d 593 (Fla. 4th DCA 1973); City of Jacksonville v. Hinson, 202 So.2d 806 (Fla. 1st DCA 1967). Appellee urges that the case was nevertheless properly dismissed in the trial court’s inherent power. We hold this case does not fall in the narrow class of cases which may be dismissed for failure to prosecute notwithstanding that Rule 1.420(e) is inapplicable.
Reddish v. Forlines, 207 So.2d 703, 704-05 (Fla. 1st DCA 1968), recognized that trial courts have inherent power to dismiss an action for failure to prosecute because of delay in securing service of process. Accord, Gonzalez v. Ryder Systems, Inc., 327 So.2d 826 (Fla. 3d DCA 1976). This, obviously, is not such a case. Judicial statements giving wider range to the trial court’s discretion to dismiss have been made as dicta in cases held improperly dismissed, or as alternative holdings in cases dismissible under the Rule. Popkin v. Crispen, 213 So.2d 445, 448 (Fla. 4th DCA 1968), cert. den., 222 So.2d 748 (Fla.1969); Shalabey v. Memorial Hosp. of South Broward Hosp. Dist., 253 So.2d 712, 714-15 (Fla. 4th DCA 1971), cert. den., 257 So.2d 562 (Fla.1972); Nicholson v. Eli Lilly and Co., 285 So.2d 648 (Fla. 3d DCA 1973), cert. den., 293 So.2d 717 (Fla.1974).
It has also been held that the trial court is empowered, in the exercise of sound discretion, to dismiss a cause or deny relief for plaintiff’s failure to prosecute in response to a direct order. See State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346 (1932); Maloy v. Bristow, 138 So.2d 801 (Fla. 3d DCA 1962), cert. den., 146 So.2d 381 (Fla.1962), cert. den., 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963); McLean v. McLean, 340 So.2d 493 (Fla. 1st DCA 1976). That power must be sparingly exercised. Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941); Popkin, supra, 213 So.2d at 448; Rowley v. Bankers United Life Assur. Co., 311 So.2d 380 (Fla. 3d DCA 1975). In the case before us there was no direct order which sought to speed prosecution of the languishing action. It was therefore error to dismiss the action.
REVERSED.
CROSS, J., concurs.
COBB, WARREN H., Associate Judge, dissents, with opinion.