446 So.2d 1143 (1984)
Theresa PETTIJOHN, Appellant,
v.
DADE COUNTY, Bobby Jones, David Green, Bruce Lindenmuth, and Emma Fern, Appellees.
No. 83-1368.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*1144 Horton, Perse & Ginsberg and Edward A. Perse, Robert Schack, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Fred R. Ober, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The question presented by this appeal is whether a Florida court must give full faith and credit, in this case, res judicata effect, to a federal court's order dismissing with prejudice an action for lack of prosecution. We answer that it must and affirm the judgment under review.
Pettijohn, the alleged victim of a "wrong house raid" conducted by Dade County Public Safety Department Officers, brought suit against the officers, the County and others in both the United States District Court for the Southern District of Florida and the Dade County Circuit Court. The actions sought damages arising from this intrusion and were substantially identical in nature. The federal court suit languished until, upon motion of the defendants and after due notice to the plaintiff, it was dismissed with prejudice for lack of prosecution.[1] No appeal was taken from the dismissal.
Thereafter, the defendants moved for a summary judgment in the state court action. They asserted that the state court action was now barred by res judicata because the federal court's dismissal constituted an adjudication on the merits under Federal Rule of Civil Procedure 41(b).[2] The trial court entered summary judgment for the defendants, and this appeal followed.
Pettijohn raises only one point which merits discussion. She contends that since in a Florida court a dismissal for failure to prosecute is never an adjudication on the merits, see, e.g., State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346 (1932); Hamilton v. Millnul Associates, 443 So.2d 485 (Fla. 2d DCA 1984), a Florida court should not be required to give full faith and credit, here res judicata effect, to a like dismissal rendered by a court in which the dismissal is an adjudication on the merits. In support of this contention, Pettijohn argues that the omission in Florida Rule of Civil Procedure 1.420(e) of the *1145 adjudication upon the merits language contained in the earlier promulgated Federal Rule 41(b), combined with Florida's interest in having causes decided on their merits, evinces a public policy in this state which far outweighs the compulsion of the full faith and credit clause.
Although the express language of the full faith and credit clause of the United States Constitution, U.S. Const. art. IV, § 1, mandates that full faith and credit are to be given in each state "to the public Acts, Records, and judicial Proceedings of every other State," the clause has been construed to require states to similarly honor federal court proceedings. Levy v. Cohen, 19 Cal.3d 165, 137 Cal. Rptr. 162, 561 P.2d 252, cert. denied, 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977). Therefore, it has long been held that federal court orders and judgments must be given res judicata effect in state court proceedings. Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927); AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981); Massachusetts Mutual Life Insurance Co. v. Ambassador Concessions, Inc., 293 So.2d 75 (Fla. 3d DCA 1974); Butler v. Richard Bertram & Co., 281 So.2d 227 (Fla. 3d DCA 1973); Curry v. Educoa Preschool, Inc., 580 P.2d 222 (Utah 1978); Litten v. Peer, 156 W. Va. 791, 197 S.E.2d 322 (1973). A judgment which is entitled to full faith and credit is "one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recovery by the remedy chosen ... ." Irving Trust Co. v. Kaplan, 155 Fla. 120,125, 20 So.2d 351, 354 (1944). The State, which is called upon to enforce a judgment under the full faith and credit clause, is precluded from making any "inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278, 282-83 (1940). Moreover, it is clear that the court whose judgment is to be enforced (here, the federal court) is the court which determines the effect of such judgment (here, that it is an adjudication on the merits). Kern v. Hettinger, 303 F.2d 333 (2d Cir.1962) (rejecting argument that effect of dismissal for lack of prosecution entered by federal court in California should be determined by California law, under which such dismissals are not adjudications on the merits and thus not entitled to res judicata effect). Cf. Aerojet-General Corp. v. Askew, 511 F.2d 710 (5th Cir.), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). Therefore, unless it can be said that the present case falls within that very narrow exception which permits a state to refuse to enforce a foreign judgment when to do so will contravene a strong public policy of the state being called upon to enforce the judgment, the court below was clearly correct in giving the federal court order res judicata effect.
We repeat that "the room left for the play of conflicting policies is a narrow one," Harris Investment Co. v. Hood, 123 Fla. 598, 609, 167 So. 25, 29 (1936) (quoting from Broderick v. Rosner, 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100 (1935)), and thus, "[l]ightweight contrary policies in one state will not counterbalance the top-heavy compulsion of the full faith and credit clause of the federal constitution to observe and enforce the judgments of another state." State of Minnesota v. Taran, 164 So.2d 893, 894 (Fla. 3d DCA 1964).
The source of Florida Rule of Civil Procedure 1.420(e) (and its 1966 predecessor, Rule 1.35(e)) is Section 45.19, Florida Statutes (1929). That statute mandated that actions which remained inactive for a period of one year be dismissed, but provided for their reinstatement for good cause shown within one month after such order of dismissal. A dismissal under the statute, as any dismissal at common law which did not involve the merits, was logically held not to be a bar to a subsequent action, see State ex rel. Croker v. Chillingworth, 143 So. 346, even where such dismissal was stated to be "with prejudice," see Hassenteufel v. Howard Johnson, Inc. of Florida, 52 So.2d 810 (Fla. 1951). Later, based on *1146 the plain language of Section 45.19, the Florida Supreme Court held that notwithstanding the language of Florida Rule of Civil Procedure 1.35(b) that "any dismissal not provided for in this rule ... shall operate as an adjudication on the merits," and the fact that a dismissal for failure to prosecute was provided for in Section 45.19, Florida Statutes, not in Rule 1.35, a dismissal for failure to prosecute could not operate as an adjudication on the merits. Zukor v. Hill, 84 So.2d 554 (Fla. 1956). In none of these cases is there the slightest suggestion of some public policy, much less some strong public policy, against a dismissal for failure to prosecute constituting an adjudication on the merits. Indeed, as Hassenteufel recognizes, a dismissal not involving the merits is not a bar to a subsequent action, but only "in the absence of a statute, decision or rule of practice to the contrary." 52 So.2d at 813. Implicitly, then, a statute, decision or rule of practice which declares a dismissal for failure to prosecute to be an adjudication on the merits would not offend against some deep-seated public policy of this state.
Nor are we able to discern any strong public policy in this state against an adjudication where the right to be heard on the merits has been lawfully forfeited under the law of another state. Thus, despite Florida's announced public policy against and prohibition of judgments based on cognovit notes, a foreign judgment based on an out-of-state confession of judgment, if enforceable in the state where rendered, must be given full faith and credit in Florida. Carroll v. Gore, 106 Fla. 582, 143 So. 633 (1932). Cf. United Mercantile Agencies v. Bissonnette, 155 Fla. 22, 19 So.2d 466 (1944) (refusing to enforce Ohio judgment based on Ohio cognovit note only because of failure to prove that under Ohio law judgment enforceable). See Trauger v. A.J. Spagnol Lumber Co., 442 So.2d 182 (Fla. 1983) (declaring statute outlawing cognovit notes unconstitutional violation of full faith and credit clause insofar as it applied to foreign judgments).
We conclude, therefore, that the federal court judgment dismissing Pettijohn's action for lack of prosecution, determined by that court to be an adjudication on the merits, was, under the full faith and credit clause of the United States Constitution, entitled to be given res judicata effect in the state court below and that to give it such effect does not contravene any recognized and strong public policy of this state.
Affirmed.
NOTES
[1] The federal court's Order of Dismissal entered January 16, 1981, states in pertinent part:

"ORDERED AND ADJUDGED that Defendant's Motion to Dismiss for Lack of Prosecution is GRANTED, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and General Rule 13 of the Local Rules of the United States District Court for the Southern District of Florida. It appears from the record in this cause that no pleadings have been filed by the Plaintiff since the filing of her Amended Complaint in August of 1979. Plaintiff, in not responding to the Motion to Dismiss for Lack of Prosecution, has failed to give this Court any reason for not granting the Motion. Therefore, the above-styled cause is hereby dismissed with prejudice for lack of diligent prosecution."
[2] Rule 41(b) permits the court to enter an involuntary dismissal against the plaintiff for, inter alia, the failure to prosecute. It further provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits."