GILBERT, Sheriff, v. AMERICAN SURETY CO. OF NEW YORK et al.

(Circuit Court of Appeals, Seventh Circuit.  October 7, 1902.)

No. 886.

1. RES JUDICATA—JUDGMENT OF DISMISSAL—QUESTIONS RULED BY APPELLATE COURT.

Questions ruled by an appellate court are not thereby rendered res judicata as between the parties, where the judgment under review is reversed, and the cause remanded for a new trial, and is afterward dismissed by the trial court for the want of prosecution.

2. FEDERAL COURTS—FOLLOWING STATE DECISION — QUESTIONS OF GENERAL LAW.

A decision of the Supreme Court of a state on a matter of general law, such as the effect of the invalidity of a contract on the rights of the parties to a suit, is not binding upon a federal court.

3. SALE—TRANSFER OF PROPERTY TO ILLEGAL COMBINATION—RECOVERY AFTER EXECUTION OF CONTRACT.

Where a contract for the sale of personal property was fully executed by the payment of the consideration and the delivery of the property, which was then turned over to the seller as agent and employé of the purchaser, and held by him for three years in such capacity, he cannot thereafter claim such property as his own against the purchaser on the ground that the sale was made in furtherance of a combination in restraint of trade, and was therefore void as against public policy, since he is estopped to deny the title of his employer for whom he holds the property in trust.

4. REPLEVIN—LIABILITY ON BOND—ATTORNEY'S FEES.

Attorney's fees and stenographer's fees expended by defendant are not recoverable on a replevin bond.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The American Preservers Company, a corporation of the state of West Virginia, on May 11, 1891, brought suit in replevin against Andrew D. Bishop in a court of the state of Illinois, and caused a writ to be therein issued, directing the sheriff to take certain described property from the possession of Bishop and to deliver the same to the plaintiff in the writ, upon receiving proper bond in double the value of the property, stated to be of the value of $9,000. The property mentioned was taken from Bishop and delivered to the American Preservers Company, the plaintiff in the writ, the sheriff taking from the plaintiff the bond in suit executed by the Preservers Company as principal and by the American Surety Company as surety, conditioned as follows: "Now, therefore, if the American Preservers Company, plaintiff, shall prosecute its said suit to effect and without delay, and make

---

¶ 2. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 1 C. C. A. 518; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. § 979.

return of the property recovered and taken under and by virtue of said writ of replevin issued in said cause, if return thereof shall be awarded, and shall save and keep harmless the said sheriff for having replevied the said property, and shall pay 'all costs and damages occasioned by wrongfully suing out said writ of replevin, then this obligation to be void; otherwise to remain in full force and effect."

The issues in the replevin suit are stated at length in Bishop v. American Preservers Company, 157 Ill. 284, 41 N. E. 765, 48 Am. St. Rep. 317. The trial of that suit resulted in a judgment for 'the plaintiff, which upon appeal was affirmed by the Appellate Court, and, upon further appeal to the Supreme Court, was reversed, and a new trial awarded upon the ground of the improper exclusion of evidence. The cause was thereupon redocketed in the trial court, and by an order therein entered on December 15, 1898, amending an order of May 5, 1898, the replevin suit was dismissed without a trial upon the merits, and a return of the property taken under the writ, together with the costs of suit, was adjudged. From the judgment awarding a writ of retorno the Preservers Company, plaintiff in the suit, appealed to the Appellate Court, and the judgment of dismissal with retorno habendo was there affirmed, and subsequently, upon further appeal, affirmed by the Supreme Court of the state.

This suit is brought against the principal and surety upon the replevin bond to recover, failing a return of the goods, the value of them, and damages by way of attorney's fees and expenses incurred in the defense of the replevin suit.

To the declaration the defendants in error inter alia pleaded that the property in the replevin suit sought to be recovered was the property of the American Preservers Company. To this it was replied that the property mentioned was not the property of the Preservers Company, but was the property of Bishop, because Bishop, being engaged in the business of manufacturing fruit butters and like products, was induced, by threats that otherwise his business would be ruined, to enter into a trust combination to prevent competition and to secure a monopoly in the manufacture of like articles of food throughout the United States (this agreement is set forth at large in the opinion of the court in 157 Ill. 284, 41 N. E. 765, 48 Am. St. Rep. 371); that his goods then on hand, inventoried at $9,063.03, were transferred by bill of sale under seal executed by him in July, 1888, to the American Preservers Company, for which he received 331 shares of stock of that company, of the par value of $33,100, which he assigned to the trustee of the trust, and received in lieu thereof 662 certificates of trust, of the par value of $66,200; that said bill of sale was executed to aid the trust in controlling the entire manufacture of fruit butters and like products throughout the United States, and to create a monopoly in such manufacture and sale and to stifle competition; that such bill of sale constitutes the title of the American Preservers Company to the goods in question, and was held by the Supreme Court of Illinois in the case mentioned to be void, and that such ruling is conclusive and binding upon the parties to the suit; that in December, 1888, and in March, 1889, Bishop tendered his trust certificates to the general manager of the trust, and demanded a return of the property covered by its bill of sale, which being refused, he was induced to continue the management of the business and to render to the trust reports thereof until March, 1891, when he was advised that the trust agreement was illegal; that at the making of the bill of sale he was in possession of the property therein mentioned, and ever since that time has been in such possession, except so far as articles have been changed through sales and purchases.

At the trial it was shown that upon delivery of the bill of sale in July, 1888, Bishop was employed by the American Preservers Company at a salary of $50 per week, to conduct the business sold by him to it, was placed in possession of the property as its agent for the purpose, opened a new set of books, insured the property in the name of the American Preservers Company, and made reports periodically to the company of the business, and continued so to do and to receive his stipulated salary, until just prior to the 11th of May, 1891, the date of the commencement of the replevin suit. The court refused to allow proof of the facts stated in the replication, directed

the jury to return a verdict for the plaintiff, and to assess "the plaintiff's damages at debt $22,000, and damages at the sum of one cent, said debt to be satisfied upon payment of said damages of one cent and costs of suit," which was done. To review the judgment entered upon such verdict this writ of error is brought.

L. Evans, for plaintiff in error.

Alfred S. Austrian, for defendants in error.

Before JENKINS and BAKER, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court.

It is provided by statute of the state of Illinois that in an action upon a bond given upon replevin the obligors in the bond may plead, in mitigation of damages, title to the property in dispute in the replevin suit, when the merits of the case have not been determined in that suit. 3 Starr & C. Ann. St. Ill. c. 119, par. 26, p. 3388; Stevison v. Earnest, 80 Ill. 513. It was therefore open to the defendants in error to show in this suit that the title to the property involved in the replevin suit was in the American Preservers Company. This was shown by the bill of sale executed by Bishop to that company. That title, however, was sought to be rendered nugatory by evidence that the bill of sale was given in pursuance of an illegal trust agreement in restraint of trade; in other words, that Bishop, who had sold his plant and had received the stipulated consideration, and for nearly three years thereafter had been in the service of the vendee at a stipulated salary, could defeat his vendee's title, and hold as his own the plant sold by him of which he was in possession only as agent of his vendee, and including goods subsequently purchased by the vendee, because the agreement under which the bill of sale was executed was in restraint of trade.

It is primarily urged in support of this contention that the Supreme Court of Illinois had so ruled in the replevin suit between Bishop and the American Preservers Company (157 Ill. 284, 41 N. E. 765, 48 Am. St. Rep. 317), and that its decision is res judicata between the parties to that suit, and therefore conclusive in this suit. The vice of this contention is not difficult to be ascertained. It is not doubted that a decree of a court of competent jurisdiction is conclusive, in a second suit between the same parties or their privies, of every matter that was decided therein and that was essential to the decision made, and we have so held. David Bradley Manufacturing Company v. Eagle Manufacturing Company, 18 U. S. App. 349, 6 C. C. A. 661, 57 Fed. 980. In the replevin suit, however, there was no judgment determining the merits of the cause. The case was dismissed for want of prosecution, with the ordinary judgment for the return of the property taken in replevin. The decision of the Supreme Court merely ruled that certain evidence tending to show the illegality of the transaction, and which was excluded at the trial of the replevin suit, should have been allowed, and the judgment was therefore reversed, with a direction for a new trial. There was no new trial. The dismissal of the suit for want of prosecution is no bar to a

subsequent action—certainly not so persuasive as a judgment of nonsuit when the plaintiff's evidence has been heard; and the latter is not a bar to a second suit. Manhattan Life Ins. Company v. Broughton, 109 U. S. 121, 3 Sup. Ct. 99, 27 L. Ed. 878; Bucher v. Cheshire Railroad Company, 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Gardner v. Michigan Central Railroad Company, 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107. The case of Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 Sup. Ct. 418, 45 L. Ed. 627, does not, as was urged at the bar, hold otherwise. In that case there was final judgment of a state court, which was properly held conclusive under the general rule above stated.

Nor, while we read with great respect the decisions of the highest appellate court of the state of Illinois, can we recognize its ruling in the replevin case as binding upon us. The question upon which it passed was one of general law, and was not founded upon the construction of a statute of the state. In respect of such questions of general law, the federal courts cannot avoid the responsibility of deciding them for themselves as they may arise. In Delmas v. Insurance Company, 14 Wall. 661, 668, 20 L. Ed. 757, the Supreme Court said:

"But, as we have already said, this is not the class of questions in which we are bound to follow the state courts. It is not based on a statute of the state, or on a construction of such a statute, nor on any rule of law affecting the title to lands, nor any principle which has become a settled rule of property; but on those principles of public policy designed for the protection of the state or the public, of which we must judge for ourselves, as they do when the question is fairly presented."

See, also, Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Carpenter v. Providence Washington Insurance Company, 16 Pet. 495, 10 L. Ed. 1044; Railroad Company v. National Bank, 102 U. S. 14, 26 L. Ed. 61; Boyce v. Tabb, 18 Wall. 546, 21 L. Ed. 757; Smith v. Alabama, 124 U. S. 465, 8 Sup. Ct. 564, 31 L. Ed. 508; Liverpool & Great Western Steam Company v. Phenix Insurance Company, 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; Gardner v. Michigan Central Railroad Company, 150 U. S. 349, 358, 14 Sup. Ct. 140, 37 L. Ed. 1107.

Assuming that the agreement pursuant to which Bishop executed his bill of sale was, as held by the Supreme Court of Illinois in Bishop v. American Preservers Company, and within the principle laid down in Addyston Pipe & Steel Company v. United States, 175 U. S. 211, 20 Sup. Ct. 96, 44 L. Ed. 136, void as against public policy and in restraint of trade, and that therefore a court will not lend its aid to either party to such unlawful agreement, it is to be remarked that the supposed unlawful agreement had in fact been executed by the parties thereto. Bishop had made his bill of sale and given possession of his property to the Preservers Company in execution of the unlawful agreement. Such possession as he afterward had of that property was not in his own right as owner, but as agent of the Preservers Company. A trust character was assumed by him. We doubt if such illegal transaction can be made the subject of defense in an action at law, unless the suit be brought upon the illegal contract itself. We doubt if it can be thus attacked collaterally. It is

true that contracts which in themselves are directly in restraint of trade may in a suit based thereon be declared void and unenforceable by the court, but certainly one dealing with the principal of the illegal combination cannot defend against his contract made with such principal, although it was collateral to the arrangement for the combination, the action not being one to enforce the terms of the arrangement. Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732; Smith v. Sheeley, 12 Wall. 358, 20 L. Ed. 430; Planters' Bank v. Union Bank, 16 Wall. 483, 21 L. Ed. 473; Connolly v. Union Sewer Pipe Company, 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; Strait v. National Harrow Company (C. C.) 51 Fed. 819; Dennehy v. McNulta, 30 C. C. A. 422, 86 Fed. 825, 41 L. R. A. 609; The Charles E. Wiswall, 30 C. C. A. 339, 86 Fed. 671, 42 L. R. A. 85; National Folding-Box & Paper Company v. Robertson (C. C.) 99 Fed. 985; Harrison v. Glucose Sugar Refining Company, 53 C. C. A. 484, 116 Fed. 304, 58 L. R. A. 915.

In the case at bar Bishop had sold his property to the American Preservers Company and parted with his title to it. He had delivered possession to that company. The illegal agreement between him and the promoter of the trust was executed. He thereafter was in possession of the property by virtue of his employment as agent of the company. He occupied a position of trust, holding the property and dealing with it for the company for a stipulated compensation, which he promptly received. He may not, after years of service under that arrangement, hold as his own the property which he had sold and for which he had received the agreed price. "An obligation will be enforced though indirectly connected with an illegal transaction, if it is supported by an independent consideration, so that the plaintiff does not require the aid of the illegal transaction to make out his case." Armstrong v. American Exchange Bank, 133 U. S. 433, 469, 10 Sup. Ct. 450, 33 L. Ed. 747. We are not asked to enforce an agreement in restraint of trade. We are asked to declare that a trustee, receiving property from his principal and holding it in trust for the principal, shall not be permitted to convert it to himself. He is estopped to deny the title of his principal. There is no public policy which would warrant us to hold otherwise. We concur with the remark of the court in Manchester Railroad Company v. Concord Railroad Company, 66 N. H. 100, 20 Atl. 383, 9 L. R. A. 689, 49 Am. St. Rep. 582:

"And, however it may once have been, it is certainly now difficult to see how public policy is subserved by allowing the addition of a private wrong to a public wrong, which necessarily results when, without any equivalent in return, one party to an executed illegal transaction excludes the other from participating in the proceeds; and we entirely fail to appreciate the morality which denies in such cases any rights to the party whose money or other property has been thus appropriated by his associate, contrary to express agreement and common honesty, and which in conscience the benefited party cannot retain."

And we approve the observation of Lord McNaghten in Nordenfelt v. Ammunition Co. [1894] App. Cas. 535:

"There is a homely proverb in my part of the country which says you may not 'sell the cow and sup the milk.' * * * It seems almost absurd to

talk of public policy in such a case. It is a public scandal when the law is forced to uphold a dishonest act."

It is said that the court erred in not permitting the plaintiff below to prove the value of stenographer's fees and costs, including therein attorney's fees necessary and incidental to the conduct of a replevin suit. In this ruling we think the court was entirely right. Conard v. Pacific Insurance Company, 6 Pet. 262, 8 L. Ed. 392; Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580; Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43; Day v. Woodworth, 13 How. 363, 14 L. Ed. 181.

The judgment is affirmed.