COMMERCIAL CREDIT CORPORATION, a corporation under the laws of the State of New York, *Plaintiff in Error,* v. C. A. BOSWELL, *Defendant in Error.*

146 So. 199.

Opinion filed February 3, 1933.

*Walker & Willson,* for Plaintiff in Error;

*S. G. Wilson* and *C. A. Boswell, Jr.,* for Defendant in Error.

DAVIS, C. J.—In a suit of law brought to enforce a promissory note, the defendant in the case filed two pleas which were to the effect that plaintiff ought not to have or maintain its action, because the plaintiff had theretofore brought a suit on the same note; that in such former suit issues had been made up for trial, but that the case had been disposed of by an order entered by the trial judge dismissing the pending cause for want of prosecution. Plaintiff demurred to the pleas but the demurrer was overruled. Thereafter upon trial of the issues presented by them, there was a directed verdict in defendant's favor. From the judgment consequent on the directed verdict, this writ of error was taken by the plaintiff.

The plaintiff's demurrer to defendant's pleas was overruled by the trial judge on the theory that after a case at law has been instituted, and has become at issue, that a dismissal of the case for want of prosecution is such a final determination of the controversy, as to be a bar to a subsequent suit on the same cause of action. In other words the Circuit Judge held by his ruling on plaintiff's demurrer to defendant's pleas, that a dismissal of an action at law for want of prosecution became *res adjudicata* of the controversy, and therefore could be pleaded in bar of a subsequent suit upon the same subject matter.

We find the proposition relied upon as authority to support the ruling below, to have been recently settled to the contrary by what was declared by this Court in State *ex rel*. Croker v. Chillingworth, 106 Fla. 323, 143 Sou. Rep. 346.

In the case just cited this Court said: "It is an inherent right of the Court, and therefore one existing independently of the statute, to dismiss a suit for failure to prosecute it with due diligence * * *. While a judgment dismissing an

action at law not involving the merits *is not a bar to a subsequent action* and the same rule applies also to a judgment of non suit or a *nolle prosequi,* such judgment is nevertheless a sufficient disposition of the cause pending to deprive the court of jurisdiction to reinstate it after the expiration of the term of court at which the judgment of dismissal was properly entered." (Emphasis ours.)

Thus it appears that, while this Court has in terms recognized that a dismissal of a cause at law is a final disposition of it, and as such may be such a final disposition as will support a writ of error, yet it has also recognized and followed another generally accepted rule, which is to the effect that a dismissal, not involving the merits of a pending case, is not *res adjudicata* of the controversy, nor can it be pleaded in bar of a subsequent suit on the same subject matter. O'Neil v. Percival, 25 Fla. 118, 5 Sou. Rep. 809; Gilbert v. American Surety Co., 121 Fed. 499, 61 L. R. A. 253.

The ruling on the demurrers being erroneous, the judgment against the plaintiff must be reversed, with directions to sustain the demurrers to defendant's pleas, and have such further proceedings as may be according to law.

Reversed with directions.

WHITFIELD, BROWN and BUFORD, J. J., concur.