52 So.2d 810 (1951)
HASSENTEUFEL
v.
HOWARD JOHNSON, Inc. OF FLORIDA.
Supreme Court of Florida, Division B.
May 18, 1951.
Rehearing Denied June 21, 1951.
Kirtley & Connelly, Miami, for appellant.
Evans, Mershon, Sawyer, Johnston & Simmons and Thos. McE. Johnston, all of Miami, for appellee.
CHAPMAN, Justice.
On March 22, 1949, the plaintiff-appellant filed in the Circuit Court of Dade County, Florida, his declaration against Howard Johnson, Inc. of Florida for the purpose of recovering damages for the cancellation of a lease dated December 1, 1942, which was to run for a term of seven years and end on December 15, 1949. The plaintiff alleged that he was evicted from the premises under a judgment rendered in the County Judge's Court of Dade County, Florida, under date of February 21, 1944. It was necessary, so it was alleged that in order to protect his investment he was forced to negotiate from the owner a new lease for a period of ten years. Items of damages accruing because of the aforesaid cancellation are alleged. Attached to and by appropriate allegations made a part of the declaration are copies of the leases dated December 1, 1942, and marked Exhibit "A"; lease dated January 26, 1943, and identified as Exhibit "B"; and the lease dated February 24, 1944, and marked Exhibit "C". An itemized bill of particulars was attached to plaintiff's declaration.
The defendant-appellee filed several pleas to the declaration, but we are interested only in pleas 4, 5 and 6. It appears by these pleas that the plaintiff had previously instituted a common law action against the defendant-appellee for the purpose of recovering the items of damages as sued for in the case at bar. The previous suit, as we understand the record, was dismissed, with prejudice, on February 24, 1948, and language of the dismissal order is: "for the want of prosecution and it not appearing by the filing of pleadings, order of court or otherwise for a period of three years that this suit is being prosecuted." *811 The trial court held that pleas 4, 5 and 6 presented a defense and were a bar to the prosecution of the second suit involving the same issues. Final judgment was entered for defendant below and plaintiff appealed.
Pleas 4, 5 and 6 present substantially the same issues. Plea 5 is viz:
"And for fifth plea defendant says that before this suit the plaintiff brought an action against the defendant in this same Court and declared against the defendant in said action for that:
"`Plaintiff, Edward Hassenteufel, in the above entitled cause, by his undersigned attorney, sues the defendant, Howard Johnson Incorporated of Florida, a Florida corporation:
"`1. For that, whereas, on to wit, December 1, 1942, the defendant leased to the plaintiff premises designated as Lots 34 to 41, inclusive of Block 22, Flagler Section of Coral Gables, according to plat thereof, recorded in Plat Book 10 page 12 of the Public Records of Dade County, Florida and commonly known as No. 3727 South West 8th Street, (Tamiami Trail), Miami, Florida for a term of seven years ending December 15, 1949 according to the terms and conditions of lease agreement, original of which is attached hereto and made a part hereof and marked Exhibit "A".
"`2. That on, to wit, January 26, 1943 the defendant, Howard Johnson Incorporated of Florida, a Florida corporation, lessee and Selden I. Rainforth and Edith Rainforth, his wife, lessors and owners of the aforesaid premises cancelled their then existing lease agreement of the said premises by instrument in writing, copy of which is attached hereto and made a part hereof and marked Exhibit "B".
"`3. That the defendant continued to collect rentals from the plaintiff until June of 1943 and subsequent to the cancellation aforesaid.
"`4. That on, to wit, October 25, 1943 Edith Rainforth and Selden I. Rainforth instituted proceedings in the County Judge's Court in and for Dade County, Florida to dispossess plaintiff from the aforesaid premises, Docket #5333 reference to which proceedings are made as often as need may be and that thereafter on, to wit, February 21, 1944 judgment for possession was entered in said proceedings against the plaintiff.
"`5. That on, to wit, February 21, 1944 plaintiff was obliged to enter into negotiations for a new lease agreement for the said premises to protect his investment of time and monies and thereafter was obliged to accept a new lease agreement from the said owners for part of the aforesaid premises for a term of ten years from February 15, 1944 at a larger and increased rental and upon terms and conditions not contained in the lease agreement between plaintiff and the defendant.
"`6. That the business credit and standing of the plaintiff has been seriously impaired, destroyed and damaged by the acts of the said defendant.
"`7. That by reason of the cancellation of plaintiff's lease with the defendant, Howard Johnson Incorporated of Florida, a Florida corporation, plaintiff has been obliged to expend large sums of money for attorney's fees in the defense of the aforesaid dispossess proceedings and the negotiations and conclusion of the new lease agreement.
"`Wherefore, plaintiff brings this, his suit and claims damages in the sum of $100,000.00;' and the plaintiff has permitted said action to be dismissed, with prejudice, by decree entered the 24th day of February, 1948, reading as follows:
"`The defendant, Howard Johnson Incorporated of Florida, a Florida corporation, having moved the Court to dismiss this cause for want of prosecution, and it not appearing by the filing of pleadings, order of the Court, or otherwise, for a period of three years, that this suit is being prosecuted.
"`It Is Ordered that the motion of the defendant be, and the same hereby is, granted.
"`It Is Further Ordered that this cause be, and the same hereby is dismissed with prejudice, at the cost of the plaintiff.
"`Done And Ordered at Miami, Florida, this 24th day of February, 1948;' and the *812 said order of dismissal still remains in force, and the cause of action stated in the declaration in the former action and in the declaration in this action are the same, and this the defendant is ready to verify; wherefore, it prays judgment that the plaintiff ought not to be permitted to proceed further with this action."
Counsel for the parties, by stipulations, submitted to the trial court the question of whether or not pleas 4, 5 and 6, supra, were a legal defense to bar or preclude the prosecution of a second suit involving the identical issues of the previous suit dismissed under date of February 24, 1948. It is conceded that the former suit was not dismissed on the merits, after adverse hearing, but the dismissal order, with prejudice, was entered for the want of prosecution. Counsel for appellant contends that the dismissal order, with prejudice, as set out in plea 5, supra, is not a bar to the prosecution of the second or present suit, while counsel for defendant-appellee contends that it is res adjudicata and concluded forever and placed at rest for all time the merits of the controversy.
Plea 5 of the defendant-appellee sets out that the first suit was dismissed on February 24, 1948. Chapter 23965, Acts of 1947, Laws of Florida, became effective October 1, 1947. Section 1 (a) thereof provided that, "This Act shall not apply to actions at law or suits in equity now pending." F.S.A. § 45.19(2). It is not clear from the record, briefs of counsel or oral argument heard at the bar of this Court whether the dismissal order was entered under Chapter 23965, supra, or Section 45.19, F.S.A.,  the latter Section being Chapter 14554, Acts of 1929, Ex.Sess., Laws of Florida.
Section 45.19, F.S.A., Chapter 23965, Acts of 1929, was the applicable law on February 3, 1933, when we adopted the opinion of Commercial Credit Corp. v. Boswell, 108 Fla. 213, 146 So. 199, when we said:
"We find the proposition relied upon as authority to support the ruling below to have been recently settled to the contrary by what was declared by this court in State ex rel. Croker v. Chillingworth [106 Fla. 323] 143 So. 346, 347.
"In the case just cited this court said: `It is an inherent right of the court, and therefore one existing independently of the statute, to dismiss a suit for failure to prosecute it with due diligence. * * * While a judgment dismissing an action at law not involving the merits is not a bar to a subsequent action and the same rule applies also to a judgment of non suit or a nolle prosequi, such judgment is nevertheless a sufficient disposition of the cause then pending to deprive the court of jurisdiction to reinstate it after the expiration of the term of court at which the judgment of dismissal was properly entered.' (Italics ours.)
"Thus it appears that, while this court has in terms recognized that a dismissal of a cause at law is a final disposition of it, and as such may be such a final disposition as will support a writ of error, yet it has also recognized and followed another generally accepted rule, which is to the effect that a dismissal, not involving the merits of a pending case, is not res adjudicata of the controversy, nor can it be pleaded in bar of a subsequent suit on the same subject-matter. O'Neil v. Percival, 25 Fla. 118, 5 So. 809; Gilbert v. American Surety Co., 7 Cir., 121 F. 499, 61 L.R.A. 253."
See Case v. Smith, 146 Fla. 340, 200 So. 917; Hewitt Adm'r v. International Shoe Co., 110 Fla. 37, 148 So. 533.
The order of dismissal of the first suit dated February 24, 1948, as recited therein, was "with prejudice". It is true the courts have the inherent right to dismiss common law actions as well as suits in equity for various reasons, but the dismissal order in the case at bar was dated February 24, 1948, and recites that the cause was dismissed "for want of prosecution, and it not appearing by the filing of pleadings, order of the Court, or otherwise, for a period of three years, that the suit is being prosecuted." It therefore follows that the dismissal order was entered under the provisions of Section 45.19, F.S.A. The terms of the section provide for a reinstatement of any previously dismissed action at law *813 or equity within a given period of time. An order of dismissal, even "with prejudice", is not a bar to a subsequent suit on the same subject matter in the absence of a statute, decision or rule of practice to the contrary. Case v. Smith; Hewitt, Adm'r v. International Shoe Co.; Commercial Credit Corp. v. Boswell, supra. The words "with prejudice", as appear in the order, are not authorized by the terms and provisions of Section 45.19, supra.
The judgment of the lower court is reversed.
SEBRING, C.J., and ADAMS and ROBERTS, JJ., concur.
ADAMS, Justice (concurring).
I concur in this opinion and judgment because the phrase "with prejudice" is known to equity. Where used on the law side it was surplusage. For a judgment at law to be final it must be "go hence" etc., and this was equivalent to a non suit.
ROBERTS, J., concurs.