84 So.2d 554 (1956)
Joseph C. ZUKOR, Appellant,
v.
Herbert HILL and A.G. Garcia, Co-partners, Appellees.
Supreme Court of Florida. Division B.
January 11, 1956.
*555 Billie B. Bush, Tampa, for appellant.
T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
THOMAS, Justice.
In this appeal the propriety of the court's order allowing the filing of an additional plea, and the validity of a summary judgment are questioned. A chronology of the proceedings is necessary to an understanding of the points presented.
The appellant instituted an action against the appellees 10 August 1951 and motions to dismiss were made by the respective defendants the twenty-fifth and twenty-eighth of that month. Nothing further was filed for a day longer than a year and on 29 August 1952 the circuit judge dismissed the cause for want of prosecution. Later the appellant started a new suit against the appellees, obtaining service on Herbert Hill but not on A.G. Garcia, and on 22 April 1954 he filed an amended complaint which the appellee-Hill moved to dismiss on grounds testing the sufficiency of its allegations. After this motion was denied this appellee filed an answer setting out seven defenses. Neither in the motion nor the answer appeared any reference to the order entered more than two years before dismissing the case for lack of prosecution.
Three months after the answer of appellee-Hill was filed he obtained permission of the court to present the added defense that the dismissal for failure of the appellant to prosecute was "res adjudicata of the issues involved in this cause." Meanwhile, the case had been docketed for trial. The history of the first case was detailed in a supporting affidavit. Upon motion of appellee-Hill the judge then entered a summary judgment against the appellant, and incorporated in the judgment an order permitting the additional defense.
We are asked whether or not the court erred in allowing the belated defense after motion and answer directed to the merits of the amended complaint and after the case was set for trial. We think we need not pause to decide whether or not the judge abused the discretion granted him under the liberal terms of Rule 15(a) of the Common Law Rules, 30 F.S.A., providing that "leave shall be freely given when justice so requires," because inherent in the problem we encounter is the effect of the dismissal of the original suit. To solve that problem we must determine the relationship, if any, between Common Law Rule 35(b) and Sec. 45.19, Florida Statutes 1947, and F.S.A.
Although the circuit judge did not in express language hold that the dismissal was an adjudication of the case on the merits, this is the effect of his judgment because he held that there was no dispute as to *556 any material fact. From the plea and the supporting affidavit arose a pure question of law, that is, the effect of the dismissal.
The appellee-Hill took the position that under Common Law Rule 35(b) the dismissal amounted to an adjudication upon the merits and the judge accepted his view. That part of the rule which it is insisted affects the present case is a provision that a dismissal not mentioned in the rule  and, of course, dismissal under the statute, Sec. 45.19, supra, is not specified  "shall operate as an adjudication upon the merits" unless the court orders otherwise. This rule is not implemented by the statute and does not amend the statute by engrafting on it the power of the court to dismiss conditionally. The first case was dismissed pursuant to the statute and by the statute will the court's ultimate action be judged.
This law requires unconditional dismissal, on motion, of a cause that has been dormant for a year and the only method of revival is a showing of good cause within a month. We announced in Ivy H. Smith Co. v. Moccia, Fla., 59 So.2d 629, 630, that "the order of dismissal became final and the jurisdiction of the court came to an end when the motion to reinstate was not made within one month." We repeated the statement with emphasis in B & L Trucking Co., Inc. v. Loftin, Fla., 63 So.2d 276. The dismissal becomes absolute, then, after the passage of one month, at least, so far as the then case is concerned. This contrasts with the provision in the rule permitting conditional dismissal. In other words, when the first case was dismissed and one month passed, the court, according to these decisions, lost jurisdiction of that particular case.
The dismissal could not be considered an adjudication of the merits because the month allowed for application for reinstatement on a showing of "good cause" is a period for the presentation of a valid excuse for the delay, and we do not construe the law to mean that adjudication of the merits is suspended for the grace period, and that upon its expiration an adjudication results from failure of the plaintiff to attempt revival of his action. We have held that such a dismissal under Sec. 45.19 supra, "is not a bar to a subsequent suit on the same subject matter in the absence of a statute, decision or rule of practice to the contrary." Hassenteufel v. Howard Johnson, Inc., of Florida, Fla., 52 So.2d 810, 813. We know of no statute or decision to the contrary, and we hold that Rule 35(b) is not a rule to the contrary.
Reversed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.