THOMAS, Justice.
Alson Manufacturing Company, described in its complaint as successor to U. S. Fluorescent Manufacturing Company, demanded judgment against Charles Silvers, individually, and Charles Silvers doing business as Adams Engineering Co., basing its claim on these brief allegations: The plaintiff had for a valuable consideration purchased all right, title and interest in U. S. Fluorescent Manufacturing Company, including its choses in action; on 23 May 1952 the U. S. Fluorescent Manufacturing Company had proposed to manufacture for Adams Engineering Company certain fixtures and accessories for $7600 and the proposal had been accepted by Charles Silvers; relying upon the agrees ment the fixtures and accessories were manufactured by U. S. Fluorescent Manu *17 facturing Company but the Adams Engineering Company, or Charles Silvers, refused to accept the goods or to pay the stipulated price; and continued refusal by Adams Engineering Company or Charles Silvers to perform the contract had resulted in deterioration of the property to the extent of $5000.
Although the date of the contract between appellant’s predecessor and Adams Engineering Company, or Charles Silvers, was stated in the complaint, the date of the alleged purchase from appellant’s predecessor by appellant was not alleged.
The complaint was filed 11 May 1956 and the answer of the defendant and his motion for summary judgment were filed the 15th day of the following month. From this answer it appears that the U. S. Fluorescent Manufacturing Company on August 6, 1954 had instituted an action against the appellee claiming damages of $7600 for failure to perform the same contract and this was dismissed for want of prosecution 11 April 1956, just a month before the present action on the same contract was instituted. A motion to vacate the order of dismissal was denied 25 April 1956.
The motion for summary judgment was granted and this appeal followed.
The first case was dismissed by authority of Sec. 45.19, Florida Statutes 1953, and F.S.A., in which it is provided that such disposition of litigation may be made when it does not appear from some action, “by filing of pleadings, order of court, or otherwise” occurring within a year, that the action is being prosecuted. In his order of dismissal the judge specifically recited that such inaction was apparent in the record.
It is obvious that the two actions were based on an identical contract and that sometime, a date about which we are not advised, the plaintiff in the first case, assigned its interest in the contract to the plaintiff in the second case.
The lone question here is whether or not the order of dismissal and the order denying a motion to vacate the order of dismissal amounted to such a determination of the controversy that by the doctrine of res judicata the present action must be defeated. We think we should answer the question in the negative in view of our pronouncements in Hassenteufel v. Howard Johnson, Inc., of Florida, Fla., 52 So.2d 810, and Zukor v. Hill, Fla., 84 So.2d 554.
When the court dismissed the first case, jurisdiction of that case came to an end especially when reinstatement was denied, but the institution of a new action was not precluded and this, of course, Í9 the new action.
Reversed.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.