96 So.2d 126 (1957)
Herbert MAY, trading as May Plumbing Company, Petitioner,
v.
STATE of Florida ex rel. Richard W. ERVIN, Attorney General, and State Tuberculosis Board, a public body corporate, Respondents.
Supreme Court of Florida, Special Division B.
June 19, 1957.
Carroll R. Runyon and Bussey & Simmons, St. Petersburg, for petitioner.
Richard W. Ervin, Atty. Gen., Mary Schulman and T. Paine Kelly, Asst. Attys. Gen., for respondents.
DREW, Justice.
On March 1, 1957, the petitioner here, the defendant below, moved, pursuant to Sec. 45.19, F.S.A., to dismiss this cause because no action had been taken in the trial court for a period of more than fifteen months. The trial court denied the motion, reciting in his order:
"It is true that the purpose of Section 45.19 is to expedite litigation, keep *127 dockets current, and to penalize those who would allow the litigation to become stagnant and while plaintiff, by counsel, may have been lax in the prosecution of this suit, because of the merits herein involved including what may be a substantial amount of public funds, this Court is of the opinion that this case should be disposed of on its merits rather than dismissed pursuant to the motion, particularly in view of the fact that this cause is new at issue."
The purpose of Sec. 45.19, F.S.A., supra, is to expedite the course of litigation and keep the court dockets of this State as nearly current as possible. The statute is a declaration that the public policy requires the prompt dispatch of the court's business. Gulf Appliance Distributors, Inc., v. Long, Fla. 1951, 53 So.2d 706; Yelvington & Son v. Sheridan, Fla. 1953, 65 So.2d 44. We have held that the foregoing statute was not self-executing, Dudemaine v. Shaw, 1944, 153 Fla. 899, 16 So.2d 114, where it has been made to appear that the cause has not been prosecuted for a period of more than one year. Upon motion to reinstate the burden is upon the plaintiff to show that good cause exists why the motion should be granted. The record before us fails to show any basis for the court's order denying the motion to dismiss.
Should the respondents establish good cause for reinstatement of the action the controversy may be then heard on the merits and even if the movants do not prevail the merits of the dispute may be determined in a subsequent suit for such a dismissal does not amount to an adjudication of the merits, Hassenteufel v. Howard Johnson, Inc., of Florida, Fla., 52 So.2d 810; Zukor v. Hill, Fla., 84 So.2d 554; Alson Mfg. Co. v. Silvers, Fla., 95 So.2d 16, notwithstanding any expression in Hinchee v. Fisher, Fla., 93 So.2d 351, with reference to Rule 41 (b), Federal Rules of Civil Procedure, 28 U.S.C.A., apparently to the contrary.
The order under review is hereby quashed with directions that an order be entered dismissing the cause for failure to prosecute under the statute but with leave to the plaintiff to file and have considered within the time fixed by the statute his petition to reinstate the cause. In such event, the plaintiff will be afforded the opportunity to show, if he can, that good cause exists why the action should not be abated and the cause dismissed.
Certiorari granted.
THOMAS, Acting Chief Justice, and HOBSON and O'CONNELL, JJ., concur.