HORTON, Chief Judge.
The main question on appeal is whether or not a dismissal for lack of prosecution under § 45.19, Fla.Stat., F.S.A., constitutes an adjudication on the merits under Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A., so as.to render a subsequent action res judicata.
The plaintiff below appeals from a summary judgment in a personal injury action, wherein the trial judge granted summary judgment upon the theory that the defendant was entitled to a judgment as a matter of law as the result of a prior dismissal of said action for lack of prosecution under § 45.19, supra. In the same judgment, the trial judge denied appellees’ motion for summary judgment because, as he concluded, there was a genuine issue of material fact.
The appellant contends that the main question here is controlled by the case of Zukor v. Hill, Fla. 1956, 84 So.2d 554. In the Zukor case, a prior action between the parties had been dismissed under § 45.19, supra, for failure to prosecute. In the second action, Hill, as a defense in his answer, pleaded that the dismissal for failure of the appellant to prosecute was res judicata of the issues involved in the second action. Subsequently, a summary judgment was entered against Zukor, the effect of which was a holding that the prior dismissal was an adjudication of the case on the merits. On appeal, Hill took the position that common-law rule 35(b) [1] rendered the first dismissal an adjudication upon the merits. This argument was based upon the fact that rule 35(b) contained a provision that a dismissal not mentioned in the rule, that is, a dismissal under § 45.19, supra, operated as a dismissal upon the merits in the absence of the court’s order to the contrary. The Supreme Court rejected this contention and held [84 So.2d 556]:
“The dismissal could not be considered an adjudication of the merits because the month allowed for application for reinstatement on a showing of ‘good cause’ is a period for the presentation of a valid excuse for the delay, and we do not construe the law to mean that adjudication of the merits is suspended for the grace period, and that upon its expiration an adjudication results from failure of the plaintiff to attempt revival of his action. We have held that such a dismissal under Sec. 45.19, supra, ‘is not a bar to a subsequent suit on the same subject matter in the absence of a statute, decision or rule of practice to the contrary.’ Hassenteufel v. Howard Johnson, Inc., of Florida, Fla., 52 So.2d 810, 813. We know of no statute or decision to the contrary, and we hold that Rule 35(b) is not a rule to the contrary.” [Emphasis supplied.]
In the subsequent case of May v. State, Fla.1957, 96 So.2d 126, 127, the Supreme Court, although not called upon to decide the specific question, nevertheless, in quashing an order denying a motion to dismiss under § 45.19, supra, said:
“Should the respondents establish good cause for reinstatement of the *760 action the controversy may he then heard on the merits and even if the movants do not prevail the merits of the dispute may be determined in a subsequent suit for such a dismissal does not amount to an adjudication of the merits, Hassenteufel v. Howard Johnson Inc., of Florida, Fla., 52 So.2d 810; Zukor v. Hill, Fla., 84 So.2d 554; Alson Mfg. Co. v. Silvers, Fla., 95 So.2d 16, notwithstanding any expression in Hinchee v. Fisher, Fla., 93 So.2d 351, with reference to Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A., apparently to the contrary.” [Emphasis supplied.]
Accordingly, Rule 1.35(b) having been construed in connection with dismissals under § 45.19, supra, by the Supreme Court of this state, its holding that a dismissal under the statute does not constitute an adjudication upon the merits controls. See cases from other jurisdictions collected in 54 A.L.R.2d 473, 489.
The appellees have cross-assigned as error and argued before this court, both in their brief and orally, that the trial judge was in error in concluding that the appel-lees’ motion for summary judgment should be denied. This contention is based upon the appellees’ conclusion that there are no genuine issues of material fact that would require the consideration of a jury, and that the summary judgment should be sustained upon that ground alone. We have examined the record and conclude as did the trial judge that there are genuine issues of material fact. It follows, in view of the opinions expressed herein, that the judgment appealed should be and it is hereby reversed.
Reversed.
PEARSON and CARROLL, CHAS., JJ., concur.

. Identical to the present rule 1.35(b), F.R.C.P.