ALLEN, Judge.
This appeal is brought from- a summary final decree wherein the lower court held that appellants, defendants below, were barred from asserting their answer and counterclaim against plaintiff-appellee in this suit for injunctive relief since the subject matter contained in said answer and counterclaim was barred by the doctrines of res judicata and laches. The reformation of a deed, the necessity for which was raised in the answer and which was sought by the counterclaim, had previously been before the court between the same parties. Defendant-counterclaimant in the instant case was the plaintiff in the prior suit which was dismissed for failure to prosecute under § 45.19, F.S.A.
We hold that it was error for the lower court to rule that a previous dismissal for failure to prosecute rendered the subject matter of the instant answer and counterclaim res judicata. It is well settled that a dismissal for failure to prosecute under § 45.19, F.S.A., does not constitute an adjudication on the merits so as to bar a subsequent suit on the same subject matter. Hassenteufel v. Howard Johnson, Inc. of Florida, Fla.1951, 52 So.2d 810; Yinger v. Kasow, Fla.App.1960, 123 So.2d 758; Alson Mfg. Co. v. Silvers, Fla.1957, 95 So.2d 16; May v. State ex rel. Ervin, Fla.1957, 96 So.2d 126. In Zukor v. Hill, Fla.1956, 84 So.2d 554, the Supreme Court, in construing § 45.19 in conjunction with Common Law Rule 35(b) on involuntary dismissal which is identical to the present rule on the same subject, F.R.C.P. 1.35(b), 30 F.S.A., held that said involuntary dismissal rule, which covers dismissal with prejudice for failure of a plaintiff to comply with any order of the court, does not apply in instances where an action is dismissed under § 45.19 for failure to prosecute and therefore does not bar a subsequent action on the same subject matter.
In its summary final decree the lower court also commented on the similarity between the doctrines of res judicata and laches and seemed to make the latter an alternative basis for its holding. Neither laches nor any facts pointing to it were *771 pleaded or raised by plaintiff-appellee m his motion for summary decree and affidavit in support thereof. Furthermore, laches is, in equity, the correlative of limitations of actions at law and does not equate with the doctrine of res judicata as indicated by the lower court’s decree. In the absence of any plea of laches, it was error to treat that doctrine as an alternative ground for an order granting plaintiff’s motion for summary final decree.
The decree appealed from is therefore reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed.
SHANNON, C. J., and WHITE, J., concur.