HENDRY, Judge.
The appellant-plaintiff appeals from a final judgment entered in favor of the ap-pellees-defendants pursuant to an order granting their motions to dismiss the appellant’s complaint.
*401 In a prior suit involving the same parties and the same cause of action, appellees’ motions to dismiss the complaint were granted and appellant was granted leave to amend. Appellant failed to amend her complaint within the time allowed but ap-pellees never obtained a final judgment of dismissal based upon that failure to amend. Instead, after more that one year had elapsed, the trial judge on his own motion entered an order of dismissal for want of prosecution pursuant to § 45.19, Fla.Stat., F.S.A. Subsequently the instant suit was filed and appellees moved for dismissal on the ground that the dismissal of the prior suit constituted a bar to the instant action by reason of res judicata or estoppel. The motions were granted and this appeal is from the resulting final judgment.
The question before us is whether the dismissal of the prior suit under the circumstances set forth constituted an adjudication on the merits so as to bar this subsequent action.
The cases of Kautzmann v. James, Fla. 1953, 66 So.2d 36 and Bricklayers, etc., Union v. Acme Tile and Terrazzo Co., Fla.App. (2d Dist.) 1959, 112 So.2d 43, held that if a judgment of dismissal is based merely on formal or technical defects, or relates to the failure of a complaint to allege necessary facts to state a cause of action which facts could be supplied by an amendment, the judgment is not an adjudication on the merits nor a bar to the subsequent suit on the same cause of action.
Subsequently, the case of Hammac v. Windham, Fla.App. (1st Dist.) 1960, 119 So.2d 822, cert. denied, Fla., 122 So.2d 408, held that since the above cited decisions failed to consider the effect of F.R.C.P. 1.35(b), 30 F.S.A.,[1] those decisions could not be considered as precedent on this point. The Hammac decision, supra, proceeded to hold that under Rule 1.35(b), a final judgment of dismissal based upon an order granting a motion to dismiss a complaint or counterclaim for failure to state a cause of action is a final adjudication on the merits, and will bar a subsequent suit in the same cause of action between the same parties, unless it affirmatively appears from the order of dismissal that it is made without prejudice.
While the above cited cases appear to be in conflict, they are in agreement in so far as they recognize that no order can ever be an adjudication on the merits, unless it is a “judgment of dismissal” or “final order of dismissal”. Further, neither the above cited cases nor the Rule 1.35(b) alters the effect of those decisions declaring that an order of dismissal for want of prosecution pursuant to § 45.19, Fla.Stat., F.S.A., is not an adjudication on the merits so as to bar a subsequent suit on the same subject matter.[2]
In the first action between these parties, the order entered on the appellees’ motion to dismiss was not a final order of dismissal.[3] The order merely granted the *402 motions and gave the appellant fifteen days in which to amend.[4] The fact that said order was captioned “order dismissing complaint with leave to amend” cannot change the substance of the order. Thus, the order could not constitute an adjudication on the merits.
The first cause was, however, finally dismissed for want of prosecution pursuant to § 45.19, Fla.Stat., F.S.A. and, as was previously mentioned, this was not an adjudication on the merits under the controlling law.
The appellee, Mt. Sinai Hospital, further contends that since the final judgment appealed fails to state the ground on which this cause was dismissed, and since it had filed a motion to dismiss for failure to state a cause of action as well as on the ground that this action was barred, appellant was obliged to show that its complaint stated a cause of action. We note that the judgment appealed granted the motion to dismiss of appellee, Rickies, as well as that of appellee, Mt. Sinai Hospital. Since the motion of Rickies rested solely on the ground that the appellant was barred from further prosecution of this claim because of the prior dismissal, we can presume that this argument must have been the basis for the trial judge’s ruling or else he would have found it necessary to deny the motion of Rickies. In any event, we hold that a cause of action was stated and that the trial court was in error in entering the final judgment appealed.
Without distracting from our holding that the dismissal of the first action was not a bar to this second action, we feel constrained to comment that the defenses of res judicata and estoppel are affirmative defenses which should have been raised by answer rather than by motion to dismiss.[5]
For the reasons stated, the final judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed.

. Rule 1.35(b), F.R.C.P. reads as follows:
“(b) Involuntary Dismissal; Effect Thereof.
“For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute.”

. See Zukor v. Hill, Fla.1956, 84 So.2d 554; Shew v. Kirby, Fla.App.1961, 185 So.2d 770; Yinger v. Kasow, Fla.App. 1960, 123 So.2d 758.

. See Baker v. Colley, Fla.App.1958, 104 So.2d 473.

. The relevant part of the order is: “Ordered and Adjudged that the motions of the two defendants to dismiss the complaint are granted. The plaintiff is granted a period of 15 days from the date of this order -within which to amend the complaint”.

. Sec F.R.C.P. 1.8(d), 30 F.S.A.; Hough v. Menses, Fla.1957, 95 So.2d 410.