275 So.2d 594 (1973)
SPOLTER ELECTRICAL SUPPLIES, INC., a Florida Corporation, Appellant,
v.
Walter A. KALB, D/B/a Kalb Electric, Appellee.
No. 72-873.
District Court of Appeal of Florida, Fourth District.
April 9, 1973.
Albert L. Weintraub, Miami, for appellant.
Norman S. Klein of Schwartz & Klein, North Miami Beach, for appellee.
OWEN, Judge.
Appellant seeks review of a final judgment dismissing its complaint with prejudice, the trial court having concluded that the dismissal of a prior suit between the same parties on the same cause of action under Rule 1.420(e), RCP, 30 F.S.A. was an adjudication upon the merits which barred the instant suit.
This was error. A dismissal of an action for failure to prosecute pursuant to the provisions of Rule 1.420(e), RCP does not amount to an adjudication on the merits so as to effectively bar a subsequent suit between the same parties on the same cause of action. May v. State ex rel. Ervin, Fla. 1957, 96 So.2d 126; Zukor v. Hill, Fla. 1956, 84 So.2d 554; Hassenteufel v. Howard Johnson, Inc. of Florida, Fla. 1951, 52 So.2d 810; Sacks v. Rickles, Fla.App. 1963, 155 So.2d 400; Shew v. Kirby, Fla. App. 1961, 135 So.2d 770; Yinger v. Kasow, Fla.App. 1960, 123 So.2d 758. The judgment or order of dismissal is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN, J., concurs specially, and MAGER, J., concurs.
WILDEN, Judge (specially concurring):
I concur in the majority opinion and agree that it is a correct reflection of the current law.
*595 However, I wish to register a notion that, because of today's circumstances, the principle which permits cases dismissed for lack of prosecution to be re-filed at the pleasure of the plaintiff should be reconsidered and abolished.
It requires no documentation to say that courts and dockets are crowded. The growth and migration of population, coupled with the increased complexities of civilization, promise that the problem will ever worsen.
Turning, we know that citizens have free access to their courts, and properly so, of course. But, is there no bridle or limitation? Yes, without cataloguing, the trial and appellate court rules provide instances and sanctions whereby a party's claim or defense may be summarily terminated or limited with prejudice. Many of these, as practitioners know, are for faults and events much less severe than that contained in Rule 1.420(e), R.C.P.:
"(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion."
Notice by way of emphasis that if a party does not prosecute or advance his cause and allows it simply to languish on the vine for a whole year  365 days  without good cause for so doing, the case is dismissed. I simply cannot understand why, in balance, he should be permitted to re-file the case.
The purpose of the rule is to expedite litigation and to penalize those who allow their litigation to become stagnant; Early v. Sarasota-Fruitville Drainage Dist., Fla. 1953, 67 So.2d 441; Railway Exp. Agency v. Hoagland, Fla. 1952, 62 So.2d 756; Ivy H. Smith Co. v. Moccia, Fla. 1952, 59 So.2d 629; Sudduth Realty Co. v. Wright, Fla. 1951, 55 So.2d 189. It is to be construed to secure the just, speedy and inexpensive determination of every action. Rule 1.010, R.C.P.
When a claimant is enabled to endlessly stall (limited only by the Statute of Limitations) and file and re-file and procrastinate the procedures consume and waste the time and resources of the court, and its personnel. Furthermore, the defendant is entitled to consideration. He must retain counsel and go through defensive maneuvering. When such dismissals and re-filings occur it causes him unnecessary expense and aggravation, and I feel he, too, is entitled to a speedy and inexpensive resolution of the issue.
In sum, I feel a claimant who files suit and fails to prosecute it for a year and cannot show good cause to prevent its dismissal should be deemed to have exhausted his right to court access and action with reference to the particular claim. He has had an abundant fair chance and the matter should be then finally terminated and way made for other litigants who are sincere in wishing their action brought to a speedy and inexpensive conclusion.
With the expression of these views, I do, though, concur in the majority opinion.