283 So.2d 889 (1973)
James H. GIBBS, Appellant,
v.
Henry P. TRUDEAU, Appellee.
No. S-233.
District Court of Appeal of Florida, First District.
October 16, 1973.
Dan R. Warren, of Judge, Warren, Cass & Garlovsky, Daytona Beach, for appellant.
Henry P. Trudeau, in pro. per.
WIGGINTON, Judge.
Plaintiff in the trial court has appealed a final judgment which denied his motion for summary judgment and dismissed the cause. Appellant contends that the trial court committed reversible error in reaching the conclusions expressed in the judgment appealed.
This action is brought for the purpose of foreclosing a real estate mortgage on certain described lands in Volusia County. The complaint to which is attached a copy of the promissory note and mortgage sought to be foreclosed is regular and valid on its face. Upon defendant's failure to file his defenses as required by law and rules of the court, a default judgment was duly and regularly entered against him. Thereafter appellant filed in the cause his proofs establishing the amount of money due on the note and mortgage sued upon, accompanied by a motion for summary judgment and a proposed final judgment of foreclosure to be rendered by the court. Following the hearing on appellant's motion, the trial court rendered its final judgment of dismissal. This judgment recites that the court being informed that this case involves the same subject matter and issues as a prior cause of action filed in the same court which had theretofore been dismissed for want of prosecution without an adjudication on the merits, which dismissal was jurisdictional, the plaintiff's motion for summary judgment is denied and on the court's own motion the cause is dismissed without prejudice and without an adjudication on the merits.
From the findings and conclusions expressed in the judgment appealed, it clearly appears that the trial court was of the opinion and so held that the dismissal of the prior action between the parties involving the identical subject matter of the case sub judice was res judicata of the action now sued upon and, therefore, this action is barred. In reaching this conclusion, the trial court erred.
*890 In an unbroken line of decisions rendered by the appellate courts of this state commencing with Case v. Smith[1] and terminating with Shew v. Kirby,[2] it has been consistently held that a dismissal of a cause of action is a final disposition which will support an appeal; yet if the dismissal is for want of prosecution and does not involve an adjudication of the merits, the dismissal is not res judicata of the controversy and cannot be pleaded in bar of a subsequent suit on the same subject matter.[3]
An involuntary dismissal of a cause of action by order of court under Rule 1.420(b), 30 F.S.A., Rules of Civil Procedure, for failure of a plaintiff to comply with a mandatory order of the court operates as an adjudication on the merits of the action and is a bar to any subsequent suit brought on the same cause of action.[4] It has been repeatedly held, however, that this principle of law is not applicable in instances where a cause of action is dismissed pursuant to Rule 1.420(e), Rules of Civil Procedure for failure to prosecute the action within the time required.[5]
For the reasons and upon the authorities above cited, the judgment appealed herein is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
RAWLS, C.J., and DREW, Associate Judge, concur.
NOTES
[1] Case v. Smith (1941), 146 Fla. 340, 200 So. 917.
[2] Shew v. Kirby (Fla.App. 1961), 135 So.2d 770.
[3] Hassenteufel v. Howard Johnson, Inc. (Fla. 1951), 52 So.2d 810;

Alson Mfg. Co. v. Silvers (Fla. 1957), 95 So.2d 16;
May v. State ex rel. Ervin (Fla. 1957), 96 So.2d 126;
Yinger v. Kasow (Fla.App. 1960), 123 So.2d 758.
[4] Hinchee v. Fisher (Fla. 1957), 93 So.2d 351.
[5] Shew v. Kirby, supra note 2; Zukor v. Hill (Fla. 1956), 84 So.2d 554.